GEORGE A. ROSS, administrator, vs. JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY.

Suffolk.   November 5, 1915. — February 9, 1916.

Present: LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence*, Causing death.   *Agency*, Existence of relation.   *Evidence*, Opinion.

In an action by an administrator under R. L. c. 171, § 2, as amended by St. 1907,
c. 375, for negligently causing the death of the plaintiff's intestate when she was
not in the defendant's "employment or service," there was evidence that the
plaintiff's intestate was in the general employ of the defendant and worked on
the tenth floor of its building, that at about one o'clock, her usual lunch hour,
she put on her street clothes and entered the elevator to go to the ninth floor for
the purpose of delivering a Christmas present to another employee, that, while
she was in the act of getting off at that floor, the elevator boy in the defendant's
employ negligently started the elevator and caused the injuries that resulted in
her death.   *Held*, that the jury were warranted in finding that at the time of the
accident the plaintiff's intestate was not in the "employment or service" of the
defendant within the meaning of the statute.

In the same case it was *held* that the presiding judge committed no error in permit-
ting a witness to answer the question, "In your opinion did the deceased speak
loud enough when she said, 'Let me off at the ninth floor, please,' for the operator
of the car to hear her?" the question, in spite of its first three words, not calling
merely for the opinion of the witness but for the result of his observation based
on collective facts difficult to describe in detail as they appeared to the witness.

DE COURCY, J.   The plaintiff seeks to recover under R. L.
c. 171, § 2, as amended by St. 1907, c. 375 (imposing liability upon
a person or corporation for causing the death of a person who
is not in his or its employment or service), for the death of his
intestate Ella F. Ross.*

The jury could find the following facts: Miss Ross was an em-
ployee of the defendant, and worked on the tenth floor of its build-
ing.   On December 23, 1913, at about one o'clock, her usual lunch
hour, she put on her street clothes and entered the elevator, to
go to the ninth floor for the purpose of delivering a Christmas
present to another employee.   While she was in the act of getting
off, the elevator was started by the operator and she was caught

---

* The case was tried before *Sanderson*, J.   The jury returned a verdict for
the plaintiff in the sum of $10,000;  and the defendant alleged exceptions.

and fatally injured. The elevator was owned and operated by the defendant. It was conceded that there was competent evidence as to the negligence of the elevator boy and as to the due care of the plaintiff's intestate.

The controlling question is whether the evidence warranted a finding that when the accident occurred Ella F. Ross was not in the "employment or service" of the defendant within the meaning of the statute. Plainly the fact that the plaintiff's intestate was in the general employ of the defendant is not decisive. In this building, occupied by many tenants, she might ride in the elevator in pursuance of her work for the defendant, or she might ride entirely on her own business as a passenger. *Doyle* v. *Fitchburg Railroad*, 162 Mass. 66. *Dickinson* v. *West End Street Railway*, 177 Mass. 365. *Gooch* v. *Citizens Electric Street Railway*, 202 Mass. 254. Presumably if, in the execution of her contract of employment, she uniformly had gone down in the elevator on her way to luncheon, and happened to be injured while doing so in the ordinary way, her transportation would be a mere incident of her work, an accessory or detail of her contract of employment. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93. *Sundine's Case*, 218 Mass. 1, 4. *Donovan's Case*, 217 Mass. 76. Outside of her working hours, however, she had the same right to use the elevator as any of the general public. During the luncheon period her time was her own, and the defendant had no control or authority over her, so far as appears. It could be found that at the time of the accident she was not being carried in the elevator on any service for her employer, or as an incident to her employment. She was not necessarily on her way to luncheon, any more than she would have been if the friend to whom she was going was on a floor above her, instead of on one below. Assuming that she contemplated returning to the elevator subsequently in order to go to her luncheon, that unexecuted intention was in no way operative at the time of the accident, and did not prevent her from acting and being outside of the scope of her employment while she was on the way to visit her friend. *Pigeon's Case*, 216 Mass. 51, 54, and cases cited. Even considered as a mere deviation from her direct route to luncheon, her departure from the course that ordinarily was incident to her employment was obvious, intentional, and, as the event proved, material. We are of the

opinion that the jury were warranted in finding that at the time of the accident the plaintiff's intestate was not in the "employment or service" of the defendant within the meaning of the statute.

The conclusion we have reached makes it unnecessary to consider the plaintiff's exception to the exclusion of the report of the committee of arbitration, in proceedings brought under the workmen's compensation act, offered as a basis for his contention of *res judicata.**

No error is shown in the admission of the question, "In your opinion did the deceased speak loud enough when she said, 'Let me off at the ninth floor, please,' for the operator of the car to hear her?" By omitting the words "In your opinion," it is apparent that what was called for was not a mere opinion, but a method of indicating a somewhat complex set of facts observed by the witness, including the loudness with which the intestate spoke, her distance from the operator and the absence of noise. Such collective facts, although within the comprehension of men in general, often cannot be described in detail to the jury as they appeared to the witness. Even though the judgment or estimate necessarily involves more or less of opinion or inference as to familiar objects and well known matters, like testimony as to identity, size, time and distance, such a question comes within the rule of *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133. *Commonwealth* v. *Smith*, 213 Mass. 563, 566. *Rollings* v. *State*, 136 Ala. 126. *Commonwealth* v. *Cooley*, 6 Gray, 350, is distinguishable, as there the inquiry called for a mere matter of opinion.

*Exceptions overruled.*

*E. K. Arnold,* for the defendant.
*A. L. Stinson,* for the plaintiff.

---

* The committee found that the injury which resulted in the death of the intestate did not arise out of or in the course of her employment.