PETER J. PIERSON, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

First Department, November 8, 1918.

Workmen's Compensation Law — negligence — " employee "— right to compensation — injuries arising " out of and in the course of " employment — res ipsa loquitur — excessive verdict.

The change in the definition of an " employee " by the amendment of the Workmen's Compensation Law by chapter 622 of the Laws of 1916 makes it clear that an employee who is injured while employed by one whose principal business is to carry on a hazardous employment is entitled to compensation irrespective of whether what he is doing at the time is hazardous or not.

Such change in the definition of an " employee " does not, however, change the law that limits recovery to accidental injuries " arising out of and in the course of employment."

The words " arising out of and in the course of employment " are conjunctive, and relief can be had under the act only when the accident arose both " out of " and " in the course of " employment.

Where an employee of an elevated railroad company during a two-hour period off duty was injured by collision of two trains, while on his way from a terminal, where he had just finished a tour of duty, to his dentist's, the injury did not arise " out of and in the course of " his employment, and, therefore, his remedy against the railroad company was not provided by the Workmen's Compensation Law.

In an action against an elevated railroad company for injuries received, where the plaintiff shows that he was a passenger, and that the accident grew out of a collision between the train he was on and another train, and the circumstances of the accident are fairly shown, the rule of *res ipsa loquitur* applies, and no proof of negligence is necessary to establish the plaintiff's case.

In an action by a person employed as a guard on an elevated railroad, for injuries received in a collision, a verdict of $20,000 held not excessive.

APPEAL by the defendant, Interborough Rapid Transit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of January, 1918, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 10th day of January, 1918, denying defendant's motion for a new trial made upon the minutes.

*Frederick J. Moses* of counsel [*James L. Quackenbush,* attorney], for the appellant.

*John C. Robinson* of counsel [*Frank L. Tyson,* attorney], for the respondent.

SHEARN, J.:

Plaintiff was employed by defendant as a guard on its elevated railway. He had been on duty for several hours, finished his trip at the terminal, and was off duty on what is known as a " swing " of about two hours. His time was at his disposal for that period. He was in the company's uniform and instead of leaving the train and the premises of the defendant he remained upon the same train when it started on its southerly trip. His purpose in taking the trip was to go to his dentist's on Fifty-ninth street, but it was his intention to stop off the train at One Hundred and Twenty-ninth street where the employees receive their pay and if there were not too many in line, to collect his pay. After the train had left the terminal and before reaching One Hundred and Twenty-

ninth street it came into collision with another train on the same track and the plaintiff sustained the injuries for which the damages have been awarded. The accident happened on June 8, 1916.

The appellant's claim is that the plaintiff's remedy for this accident is provided by the Workmen's Compensation Law. Its argument is based mainly upon the amendment of the law made by chapter 622 of the Laws of 1916, which went into effect before this accident. It is claimed that this injury comes within the provisions of the act by reason of a change in the definition of "employee." Under the act of 1914, "employee" was defined as follows (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 3, subd 4): "'Employee' means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." While the act contained this definition, it was held in *Matter of De Voe* v. *N. Y. State Railways* (218 N. Y. 318) that the employee was entitled to compensation only if he were engaged in a hazardous employment at the time of the accident. De Voe, it will be recalled, was a motorman of a street railway who had finished his work for the day and was hurrying to catch a street car to go to an adjoining town to have his watch tested, as required by the rules of the company, and was struck by an automobile and killed. Following the decision of that case in the Appellate Division (169 App. Div. 472), the act was amended by chapter 622 of the Laws of 1916. The amendment gave this definition of employee: "'Employee' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." It will be observed that instead of defining "employee" as one engaged in a hazardous employment in the service of an employer it is now one engaged in the enumerated occupations or who "is in the service of an employer whose principal business is that of

carrying on or conducting a hazardous employment.'' The claim is that this does away with the settled and recognized limitation that the injury must arise out of and in the course of employment. The argument is not sound. The amendment does broaden the definition so as to make it clear that an employee who is injured while employed by one whose principal business is to carry on a hazardous employment is entitled to compensation irrespective of whether what he is doing at the time is hazardous or not. The argument takes no account of subdivision 7 of section 3 of the act, which reads now as it did in 1914, namely: " ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment." While, therefore, the definition of an employee has been changed, there has been no change in the law that limits recovery to injuries that come within subdivision 7 of section 3 of the act.

There is, however, more to be said in favor of appellant's contention. In the first place, the concluding sentence in the opinion in the *De Voe* case reads: " He was not injured while on duty nor in his working hours, nor on his way to or from his duty within the precincts of the company." That does not hold, but it seems to intimate, that one on his way to or from his duty within the precincts of the company would be entitled to compensation, and there are cases in the Appellate Division that so hold. For example, in the case of a man employed in the subway who reported for work but was considered too drunk to work and was sent away and was injured while walking out of the subway. It was held that this injury arose out of and in the course of his employment and compensation was allowed. ( *Kiernan* v. *Friestedt Underpinning Co.*, 171 App. Div. 539.) Furthermore, it seems right that a motorman or guard who has been taken to the end of the line and is compelled to lay off for two hours or so before the next run should be protected by the act in the case of an injury sustained while in the precincts of the company awaiting his next tour of duty. There would, of course, be no question but that a motorman who had thus gone to the end of his line and who was provided a waiting place a few stations removed and who rode on the train to that waiting place and was injured on the way would be said

to have sustained an injury growing out of and in the course of his employment. In view of the numerous decisions of the Appellate Division tending in this direction (*Countryman* v. *Neuman,* 174 App. Div. 900; *Rzepczynski* v. *Manhattan Brass Co.,* 179 id. 952; *McCabe* v. *Brooklyn Heights R. R. Co.,* 177 id. 107, and in view of the intimation at the conclusion of the opinion in the *De Voe* case, it might be persuasively argued that this case was within the act, if it were not for the recent explicit opinion of the Court of Appeals in *Matter of Daly* v. *Bates & Roberts* (224 N. Y. 126) in which Judge HOGAN quotes the opinion of the Court of Appeals in *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) as laying down the law applicable to these cases. In the *Heitz* case the accident happened while the act of 1914 was in effect, but the amendment of 1916 was in effect at the time of the accident in the *Daly* case. However, as above stated, I do not think that the amendment makes any difference. Judge HOGAN says: " ' The statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only when the accident arose both ' out of ' and ' in the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work.' " In view of this opinion I do not see how it is possible to hold that this accident was within the purview of the act, for this workman was off duty, was on his way to his dentist's and did not have to report back for duty for two hours. The injury was, therefore, not received while he was doing the duty he was employed to perform nor was it a natural incident of the work.

It is also claimed that there is no proof of negligence, but as the plaintiff was a passenger and the accident grew out of a collision between the train he was on and another train and the circumstances of the accident are fairly shown, the rule of *res ipsa loquitur* applies. No proof was put in by the defendant to overcome the presumption of negligence.

It is claimed that the verdict is excessive, but a consideration of the serious nature of the injuries, the terrible suffering that the man endured by reason of his burns, the long and painful treatment, the fact that he still has open sores on his body, that these keep him awake two or three nights a week and that he will never get over them make the verdict not unreasonable, in spite of the fact that his earning capacity has been but little impaired.

The judgment and order should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order affirmed, with costs.