In the Matter of the Claim of WILLIE A. EUROPE, Respondent, *v.* ADDISON AMUSEMENTS, INCORPORATED, et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when business or employment not otherwise hazardous becomes such if four " workmen " or " operatives " are employed therein.**

1. By the Workmen's Compensation Law (Cons. Laws, ch. 67, § 2) the legislature has classified certain employments as hazardous and has given the right of compensation to employees engaged in such hazardous employments; but by the amendment of subdivision 4 of section 3 (L. 1916, ch. 622, § 2) an employee to be entitled to compensation is no longer required to be himself engaged at the time

of accident in hazardous work. It is sufficient that he is an employee in such hazardous business.

2. Under the Workmen's Compensation Law (§ 3, subd. 4, amd. L. 1918, ch. 634, § 2), which added a new group 45, classifying as hazardous employments all those occupations in which there were regularly engaged four or more workmen or operatives, the widow of an employee, not a "workman" or an "operative," within the meaning of the statute, who was killed while engaged in the business of an employer for whom four "workmen" or "operatives" were working at the time, is entitled to an award under the statute.

3. Claimant's husband was a musician and the leader of a band employed by a corporation organized for the purpose of supplying the band with engagements and conducting through it the entertainment business. In addition to the band of which the claimant's husband was the leader, the corporation employed four workmen who took care of the clothing and baggage of the members of the band and did all the manual labor connected with and incidental to the maintenance and business of the band. During an intermission in the program of a concert being given by the band, claimant's husband was stabbed and killed by a drummer of the band. *Held*, that the claimant's husband was an employee within the meaning of subdivision 4 of section 3 of the statute, engaged in a business or enterprise classified as hazardous because it regularly employed four workmen or operatives.

*Matter of Europe* v. *Addison Amusements*, 194 App. Div. 948, affirmed.

(Argued March 3, 1921; decided April 19, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

*William H. Hotchkiss* for appellants. The use of the phrase "workmen or operatives" in second group 45 is squarely in line with the purpose of this law as interpreted by this court, and such words are not synonyms of "employees" but of a limited meaning. (*Matter of Petrie*, 215 N. Y. 335, 338; *Post* v. *Burger & Goelke*, 216 N. Y. 544, 553; *Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Hubbs* v. *Addison Electric Light & Power Co.*, 191 App.

Div. 765; *Kolpien* v. *O'Donnell Lumber Co.*, 191 App. Div. 764; *Skouitchi* v. *Chic Cloak & Suit Co., Inc.*, 192 App. Div. 768; *Dose* v. *Moehle Lith. Co.*, 221 N. Y. 401; *Erickson* v. *Brown*, 38 Barb. 390; *Croking* v. *Ward*, 48 S. W. Rep. 287; *Rhodes* v. *Matthews*, 67 Ind. 131; *Matter of Scanlon*, 97 Fed. Rep. 26.)

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent. It was the intention of the legislature in adding group 45 to bring under the Workmen's Compensation Law all non-enumerated employments, whether hazardous or not, in which four or more workmen or operatives are regular employees, and such classification was proper and not prohibited by the Fourteenth Amendment to the United States Constitution. (*White Case*, 243 U. S. 188; *Arizona Employers' Liability Cases*, 250 U. S. 400; *Jeffrey Mfg. Co.* v. *Blagg*, 235 U. S. 571.) The fact that the employer had four or more workmen or operatives made the entire business of the defendant hazardous. (*Mulford* v. *Pettit & Sons*, 220 N. Y. 540; *Dose* v. *Moehle Lith. Co.*, 221 N. Y. 401; *Joyce* v. *Eastman Kodak Co.*, 182 App. Div. 354; *Spang* v. *Broadway B. & M. Co.*, 181 App. Div. 443; *Gurnett* v. *Ross Co.*, 181 App. Div. 910; *Fogarty* v. *National Biscuit Co.*, 221 N. Y. 20; *New York C. R. R. Co.* v. *White*, 243 U. S. 188.)

CRANE, J. Lieutenant James Reese Europe was the conductor of a famous negro band which accompanied the 365th Infantry (the 15th New York) to France shortly after the United States entered into the late war with Germany.

Europe was a musical composer, director and orchestra leader. After the band's return from Europe at the conclusion of the war it started on a concert tour throughout the United States under a contract with or employment by the Addison Amusements, Inc. This company

was formed for the purpose of supplying Europe's band with engagements and conducting through it the entertainment business. It employed Europe and all the musicians. During an intermission in the program of a concert given at Mechanics Hall in the city of Boston on the 9th day of May, 1919, Europe was stabbed and killed by a drummer of the band.

The industrial commission has made an award to his widow, Willie A. Europe, of $6.924 weekly during widowhood and $100 on account of funeral expenses.

The basis for this allowance is section 2, second group 45, of the Workmen's Compensation Law (Cons. Laws, ch. 67), which reads as follows:

" Section 2. Application. Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments:

" Group 45. All other employments not hereinbefore enumerated carried on by any person, firm or corporation in which there are engaged or employed four or more workmen or operatives regularly, in the same business or in or about the same establishment, either upon the premises or at the plant or away from the plant of the employer, under any contract of hire, express or implied, oral or written, except farm laborers and domestic servants."

The Addison Amusements, Inc., employed a band of sixty-five pieces, for the purpose of giving concerts for hire. It was not a business enumerated in any of the other groups of section 2 and, therefore, came within the first words of the sentence: " all other employments not hereinbefore enumerated." The evidence permitted the finding that it employed with the band four or more workmen or operatives regularly who accompanied the band and, therefore, were engaged in the same business. These workmen were the following: Lloyd Gibbs, a stage manager, who arranged the platforms, chairs and scenery,

1921.]                Opinion, per CRANE, J.            [231 N. Y. 105]

a man named Lightfoot, who handled the baggage, taking it to and from the theatre and placing it in the proper dressing rooms, another man named Jackson, who assisted Lightfoot in this manual work of handling the baggage, and a fourth man named Coleman, who took care of the uniforms of the men, pressing, cleaning and repairing them.   Although these four men took some part at times in entertaining, their principal work was the manual labor connected with maintaining such a band.

Europe, the conductor, was an employee of the Addison Amusements, Inc., and although not himself engaged in hazardous work, was engaged in a business classified by this law as a hazardous employment.   By subdivision 4, section 3, " employee " means, " a person engaged in one of the occupations enumerated in section 2 or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants."

The legislature, in section 2, has classified certain employments as hazardous, and has given the right of compensation to employees engaged in such hazardous employments.

By the amendment of subdivision 4, section 3 (Laws of 1916, chap. 622, § 2), an employee to be entitled to compensation is no longer required to be himself engaged at the time of accident in hazardous work.   It is sufficient that he is an employee in such hazardous business. (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401.)

Group 45, as above quoted, was added by the Laws of 1918, chapter 634, section 2.   The legislature classified as hazardous employments all those occupations in which there were regularly engaged four or more workmen or operatives.   It covered employments not specified in the

other subdivisions. No doubt it was considered a risk to be in an employment where four or more manual laborers or operatives were engaged. It is not necessary for us finally to define or limit the words "workmen" or "operatives" as used in this subdivision. Generally speaking a workman is a man employed in manual labor whether skilled or unskilled, an artificer, mechanic or artisan, and an operative is a factory hand, one who operates machinery. (Webster's New International Dictionary.) There is a marked distinction between a workman and an employee. Although in a general sense all workmen and operatives are employees, yet all employees are not workmen or operatives within the meaning of this law. The words "workmen" and "operatives" are used in their narrower meaning. (*Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28.)

Europe, however, was an employee within the meaning of section 3, subdivision 4, employed in a business or enterprise classified as hazardous because it employed regularly four workmen or operatives.

The evidence permitted the finding that the four men above named did manual work consisting of moving scenery, arranging the stage, handling baggage and cleaning and pressing clothes.

Why the legislature should have extended by the second group of subdivision 45 the hazardous employments to any employment having four workmen or operatives is not for us to say. The courts in construing statutes are not concerned with the wisdom of the legislation. (*Matter of Wilson* v. *Dorflinger & Sons*, 218 N. Y. 84, 86.)

We do not think, however, that the legislature has exceeded its powers of classification by this extension of hazardous employments. It may be, as above intimated, that a business not ordinarily hazardous becomes such at times when manual work is done or machinery operated in connection with its main purpose.

Whether or not the legislature can extend the benefits of compensation to all employments irrespective of workmen's hazards we are not called upon, at this time, to decide. (*Arizona Employers' Liability Cases*, 250 U. S. 400, 429; *New York Central Railroad Co.* v. *White*, 243 U. S. 188.)

The orders of the Appellate Division and the state industrial commission should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Orders affirmed.