CATHERINE MARTIN, Respondent, v. METROPOLITAN LIFE
INSURANCE COMPANY, Appellant.

First Department, July 1, 1921.

**Workmen's Compensation Law — injury arising out of and in course
of employment — tracer in defendant's employ injured by negli-
gence of elevator operator, also in defendant's employ, while on
her way to street during her luncheon hour for personal purpose
— remedy under Workmen's Compensation Law and not by
action for negligence.**

The plaintiff, who was employed by the defendant in its tracing department,
sustained an injury arising out of and in the course of her employment,
within the meaning of the Workmen's Compensation Law, and cannot
recover in an action for negligence, where it appears that during her
luncheon hour she went down on one of defendant's passenger elevators,
from the floor on which she worked, on a personal errand, and was
injured by reason of the operator's negligence as she was about to leave
the elevator, for the employer not only contracted to furnish her a safe
entrance, but a safe exit whenever she had occasion or had the right to
leave the premises, whether for further work on behalf of her employer
or for her own purposes.

PAGE, J., dissents, with opinion.

APPEAL by the defendant, Metropolitan Life Insurance
Company, from a judgment of the Supreme Court in favor of
the plaintiff, entered in the office of the clerk of the county of
New York on the 30th day of October, 1920, upon the verdict
of a jury for $55,000, and also from an order entered in said
clerk's office on the 1st day of November, 1920, denying
defendant's motion to set aside the verdict and for a new
trial made upon the minutes.

*Frank Verner Johnson* of counsel [*William J. Tully, E.
Clyde Sherwood* and *Harry C. Bates* with him on the brief;
*Benjamin C. Loder*, attorney], for the appellant.

*Moses Feltenstein* of counsel [*Harold R. Medina* with him
on the brief; *Joseph Jeromer*, attorney], for the respondent.

SMITH, J.:

The action is for negligence. The plaintiff was employed
by the defendant in its tracing department on the eleventh

floor of its building, No. 1 Madison avenue, New York city. This is a large building occupying the entire block, owned by defendant, and occupied both by the defendant and by tenants. Elevator service is maintained in the building for the use of employees and others, and it was in connection with the use of one of these elevators that the plaintiff was injured.

It seems to have been assumed upon the trial that the defendant was included among the employers who were contemplated by the Workmen's Compensation Law, and that it employed more than four people, who were thus engaged in a hazardous employment within the protection of the act, and defendant thus employing more than four people in a hazardous employment, all of the employees are brought within the protection of the act. (*Krinsky* v. *Ward*, 193 App. Div. 557; *Matter of Europe* v. *Addison Amusements*, 231 N. Y. 105.)

The main question argued is as to whether this injury happened while in the defendant's employ and arising out of such employment. The work of the plaintiff was upon the eleventh floor. Upon the twelfth floor there was a luncheon furnished free to all the employees. There was no elevator service between the eleventh and twelfth floors. The employees were given thirty-five minutes to procure their luncheon, either within the building or without, or, for such use as they might make of the time if they did not care to procure luncheon. Upon the day in question the plaintiff went from the eleventh to the twelfth floor, procured her luncheon, came back to the eleventh floor, went to her desk and got her pocketbook and started down the elevator. The exact purpose for which she came down perhaps is not clear. There is some evidence that her purpose was a personal one, in order to get a birthday present for her sister, whose birthday was the succeeding day. This, however, I do not deem to be very material, in view of the construction which I have placed upon the statute in question. While the statute requires that in order to come within the act the injury must arise out of and in the course of the employment, it necessarily covers any act done as incidental to that employment. (See § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.)

In this case with the service performed upon the eleventh floor, the defendant was required, incident to the employment, to furnish elevator service which would make a safe entrance and a safe exit to her place of employment. The fact that this elevator was used by other people and by tenants, or the public, does not matter, as long as it is furnished by the defendant, and as long as it is necessary to the performance of the plaintiff's work. The plaintiff was coming down the elevator and by reason of the negligence of the operator of the elevator, as she was about to get out, the elevator started up and caused her injuries, for which she complains. It cannot matter if the plaintiff was coming from the building for an individual or personal purpose; when she leaves the building at night and goes to her home that is for a personal purpose. The defendant is bound to furnish a safe entrance and a safe exit at any time that her service is not required. In fact, if the employment be not deemed to extend over the noon recess, the defendant could require the plaintiff to leave the building. That safe entrance and safe exit which the defendant is required to furnish in addition to this employment is a safe exit at any time for any purpose when the plaintiff's time is not demanded under her contract in the defendant's building. This case is clearly distinguishable from *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678; affd., 227 N. Y. 666), because that was not a necessary exit, but one which Pierson was at liberty to choose or not, as he might elect. It was there held that in his choice of the use of the elevated railroad for a personal purpose he was not continuing in the employment. The same distinction exists in *Matter of Kowalek* v. *New York Consolidated R. R. Co.* (229 N. Y. 489). There is no case holding that where by reason of the necessities of the situation the defendant is required to furnish access and exit, that such access and exit are not necessarily incidental to the work performed, and an injury occurring in connection therewith is not an injury which is covered by the Workmen's Compensation Law. The case of *Ross* v. *John Hancock Mutual Life Ins. Co.* (222 Mass. 560) is distinguishable because the elevator was not there being used as an exit from the building, but was being used for the purpose of going from one floor to another in the

building to accomplish an individual purpose, and not in the business of the defendant. That case would seem to be in harmony with *Matter of DiSalvio* v. *Menihan Co.*, decided by our Court of Appeals (225 N. Y. 123).

In the *Kowalek Case* (229 N. Y. 489) the rule is stated: " It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, compensation must be awarded. The going to and from the actual work and the risk involved in it are reasonably incidental to the employment."

In the *Pierson Case* (184 App. Div. 678; affd., 227 N. Y. 666), upon which the plaintiff relies, Mr. Justice SHEARN said: " Furthermore, it seems right that a motorman or guard who has been taken to the end of the line and is compelled to lay off for two hours or so before the next run should be protected by the act in the case of an injury sustained while in the precincts of the company awaiting his next tour of duty. There would, of course, be no question but that a motorman who had thus gone to the end of his line and who was provided a waiting place a few stations removed and who rode on the train to that waiting place and was injured on the way would be said to have sustained an injury growing out of and in the course of his employment."

In *White* v. *Slattery Co.* (236 Mass. 28) the employee was going out of the building to get some theatre tickets, using an elevator provided for the employees. The opinion of the court in part reads: " The only reasonable inference of which these facts and the evidence are susceptible is that the injury to the plaintiff arose out of and in the course of her employment. When she entered the store on her way to work and pursued the proper course to the place of her labors, while in the performance of her duties as an employee and until she left the store by the ordinary means of exit, she was engaged in the pursuit of her employment, entitled to the protection and subject to the limitations of the Workmen's Compensation Act." And further: " The plaintiff was leaving the store of her employer with the purpose of doing

an errand on her own account having no relation to her employment. That fact is of no consequence under these circumstances. She was doing it on her own time and not on her employer's time. She was in this particular in the same condition she would have been in leaving the store at the end of her labor for the day. She had a right under the terms of her employment to go out at the lunch hour on her own affairs. She was as much within the scope of her employment as were any of the employees in the cases cited where they have been held within the protection of the act." (See *Latter's Case*, 130 N. E. Rep. [Mass.] 637.)

It seems to be conceded that if the plaintiff had been going to her work and had been injured in this elevator, she would come within the Workmen's Compensation Law and I do not understand the plaintiff's counsel to contend if she were leaving her employment at the end of the day that she would not be within the Workmen's Compensation Law. The distinction upon which he insists is that she was leaving at this particular time on a personal errand. But within the *White* case in Massachusetts, that distinction is held not to alter the rule of law, and this holding is well supported by sound reason, because the employer not only contracted to furnish her a safe entrance, but a safe exit whenever she had occasion, or had the right to leave the premises, whether for further work on behalf of her employer or for her own purposes.

In my judgment the plaintiff is covered by the Workmen's Compensation Law and cannot recover in an action for negligence.

The judgment is, therefore, reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN and MERRELL, JJ., concur; PAGE, J., dissents.

PAGE, J. (dissenting):

I cannot concur with the view of the majority of the court that the plaintiff has a right to compensation for her injuries under the provisions of the Workmen's Compensation Law, and, therefore, this judgment must be reversed. The plaintiff was employed in the principal office of the defendant at No.

1 Madison avenue in the city of New York, a building which it owned and operated. This building was largely occupied by the company for its offices; portions of it, however, were leased to tenants. It was conceded that the defendant had complied with the provisions of the Workmen's Compensation Law, and had secured compensation to its employees as prescribed therein, and that its employees, including this plaintiff, were subject to the provisions of that statute. The sole question, therefore, to be determined is whether the plaintiff's injuries arose out of and in the course of her employment. (See § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) The facts of the case in regard to the injury are as follows:

The plaintiff was employed on the eleventh floor of the building. Her working hours were from nine o'clock in the morning until four-thirty in the afternoon with thirty-five minutes for luncheon, rest and recreation. The plaintiff's time for luncheon was from eleven-forty-five until twelve-twenty. The defendant served lunch to its employees on the twelfth floor. A stairway led from the eleventh floor, where plaintiff was employed, to the twelfth floor. On January 23, 1920, the plaintiff, having finished her luncheon, came down the stairway from the lunch room on the twelfth floor at a little after twelve o'clock to the room in which she worked, got some money from her desk, and took one of the regular passenger elevators to the ground floor, for the purpose of purchasing a gift for her sister at a nearby store. When the elevator came to a stop at the ground floor and the doors were opened by the operator the plaintiff was the first to leave the car, and as she was in the act of stepping out, the elevator suddenly started upward, the plaintiff's head came into contact with the top of the door frame, and she fell out and down to the bottom of the shaft, suffering severe injuries.

" The words ' arising out of and in the course of the employment ' have a clear and definite meaning and an award can be made under the statute only when the injuries arise out of both." (*Matter of Clark* v. *Voorhees*, 231 N. Y. 14; *Matter of Schultz* v. *Champion Welding & Mfg. Co.*, 230 id. 309.)

" The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only

when the accident arose both ' out of ' and ' in the course of '
employment. The injury must be received (1) while the
workman is doing the duty he is employed to perform, and
also (2) as a natural incident of the work. It must be one
of the risks connected with the employment, flowing therefrom
as a natural consequence and directly connected with the
work." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 151;
*Matter of Daly* v. *Bates & Roberts,* 224 id. 126.)

The Supreme Court of Massachusetts has said in relation
to the same phraseology contained in the Workmen's Com-
pensation Act of that State: " The relief is so new that the
tendency may be to inquire only as to the employment and
the injury and to assume that these two factors constitute
ground for compensation. But the essential connecting link
of direct causal connection between the personal injury and
the employment must be established before the act becomes
operative. The personal injury must be the result of the
employment and flow from it as the inducing proximate
cause  *  *  *  The direct connection between the personal
injury as a result and the employment as its proximate cause
must be proved by facts before the right to compensation
springs into being." (*Madden's Case,* 222 Mass. 487, 495.)

When the plaintiff returned from lunch, took her money,
left the room where she was employed, and started for the
store, she was not doing anything she was employed to do,
nor was it anything incident to or connected with the employ-
ment. She was engaged in her own personal affairs, and upon
business of her own. The fact that the elevator she used
may have been one that she would have used in coming to or
returning home from her work, does not render the employer
liable under the act, for she was not using it for that purpose,
nor for the purpose of going from the building to perform
some work incident to, and as a part of, her duty as an
employee. The fact that injury happened in the employer's
building, in a portion of which the plaintiff worked, does not
bring her within the act unless she was at the time engaged
in her employment and the injury arose out of the employment.

In *Urban* v. *Topping Brothers* (184 App. Div. 633) the
employee had quit work at five-thirty-five, his quitting time
being five-thirty, and had gone to the door; but remem-

bering that some of his companions with whom he usually went home were still in the building he turned back and thrust his head into the shaft of the freight elevator, and called down to them, and was crushed by a descending car. The court held that the injury did not arise out of his employment. In *Pierson* v. *Interborough Rapid Transit Co.* (184 App. Div. 678; affd., 227 N. Y. 666) a guard in the employ of the defendant was injured during a two-hour period off duty, by the collision of the train in which he was riding with another of the defendant's trains, while he was on his way from a terminal, where he had just finished his tour of duty, to his dentist's. This court held that the injury did not arise out of or in the course of his employment. In *Matter of Kowalek* v. *New York Consolidated R. R. Co.* (229 N. Y. 489) an employee who had finished his work for the day went out upon the station platform with the intention of taking a passenger train to his home, the company permitting its employees to do so without charge; and he was killed. The Court of Appeals held that the injury did not arise out of or in the course of his employment. The decedent did not stand on the platform as an employee but as a prospective passenger. " The danger to which he was there exposed existed as to all persons who exercised the common privilege of going there for the purpose of being transported. It was neither connected with nor increased by the hazards of the actual duties of the employment." (p. 493.)

In *Matter of DiSalvio* v. *Menihan Co.* (225 N. Y. 123) the employee, who was working in a factory, had finished the work assigned him and while waiting for other work to arrive walked across the room to say good-bye to another workman who had been drafted, and was about to leave to join the army. While talking to his friend he was injured. The Court of Appeals held that the case was not one for compensation, saying: " This act did not enable him either directly or indirectly, in any tangible sense, the better to perform his work, discharge his duties or carry forward the interests of his employer. It was not a natural incident to the work for which he was hired. * * * It was simply and solely the expression of a private desire and the consummation of a personal purpose."

The case of *Ross* v. *John Hancock Mutual Life Ins. Co.* (222 Mass. 560; cited with approval, 229 N. Y. 494) is quite similar to the instant case. An employee of the defendant, working on the tenth floor, during the lunch period entered the elevator for the purpose of delivering a Christmas present to another employee on the ninth floor. While she was in the act of getting off, the elevator started and she was fatally injured. The elevator was owned and operated by the defendant and the building was occupied also by others as tenants. The court held the action maintainable, saying: " Plainly the fact that the plaintiff's intestate was in the general employ of the defendant is not decisive. In this building, occupied by many tenants, she might ride in the elevator in pursuance of her work for the defendant, or she might ride entirely on her own business as a passenger * * *. Outside of her working hours, however, she had the same right to use the elevator as any of the general public. During the luncheon period her time was her own." (p. 561.)

From these decisions it follows, in my opinion, that we should hold that at the time that the injury happened to this plaintiff she was on the elevator, not as an employee of the defendant, but as one having the same rights as the general public, and the dangers to which she was thus exposed did not arise out of nor were they incidental to her employment, but were such as were common to all passengers on elevators; that she was not engaged at the time of the injury in the work of her employment, and the injury did not arise out of her employment. Therefore, she was not within the Workmen's Compensation Law and could maintain the action.

The verdict of the jury as to the defendant's negligence and the plaintiff's freedom from contributory negligence was fully warranted.

Judgment and order reversed, with costs, and complaint dismissed, with costs.