Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PATSY RAY, Respondent, for
Compensation  under  the  Workmen's  Compensation  Law,
*v.* THE UNION NEWS COMPANY, Employer, Appellant.

Third Department, July 7, 1921.

Workmen's  Compensation  Law — injury  to  newsboy  on  train —
newsboy  within  second  group  45  of  § 2 — said  group  not  limited
to four or more persons working in close proximity — said provision
as construed is constitutional.

A  newsboy  on  a  railroad  train  whose  employer,  a  news  company,  has
regularly in its employ four or more workmen or operators within the
meaning of the Workmen's Compensation Law, comes within the protec-
tion of second group 45 of section 2 which is not limited to cases where
there are four or more employees working in close proximity.

Said provision, as so construed, does not violate the Fourteenth Amendment of the Federal Constitution, as denying to every person within the jurisdiction of the United States equal protection of the laws.

APPEAL . by the defendant, The Union News Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 30th day of November, 1920.

*Frank M. Patterson* [*Howard C. Lake* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

KILEY, J.:

Appellant, employer, was insured in the State fund. The claimant was at work for the appellant as newsboy on the trains from Utica to Malone, known as the Mohawk and Malone railroad, being the Adirondack division of the New York Central railroad, and while so engaged on July 27, 1920, his right leg was caught between a swinging door and the jamb; infection set in, and he was laid up from July 28, 1920, to September 1, 1920. The Commission awarded him compensation for three weeks at $11.54 per week. He returned to his work at the same wages on said September first. Appellant states in its brief that it had been stipulated that the employer " had regularly in his employ, at the time of the accident out of which this claim arises, four or more workmen or operatives within the meaning of the Workmen's Compensation Law." Such stipulation was in writing and is printed in the record, and was made for the purpose of bringing the case under section 2, 2d group 45, of the Workmen's Compensation Law (as added by Laws of 1918, chap. 634). Appellant objects that the section and group aforesaid does not apply to the claimant's case, because it must have been understood and intended to apply to four or more persons working in close proximity to each other; that in this case such persons, so working for this employer, had no relation, so far as proximity is concerned, to this claimant. That contention cannot be

upheld. The language of section 2, 2d group 45, is not susceptible of such construction. We have considered this section and group and its construction in *Europe* v. *Addison Amusements, Inc.* (194 App. Div. 948), recently affirmed in the Court of Appeals (231 N. Y. 105). Our decision and the decision of the Court of Appeals are against appellant's contention. Appellant urges that any construction other than the one he suggests would be unconstitutional and violative of section 1 of the Fourteenth Amendment of the Federal Constitution, as denying to every person within the jurisdiction of the United States equal protection of the laws. The section and group in question defines the circumstances therein referred to as hazardous, and is in addition to other designations and definitions of section 2 of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622; Laws of 1917, •chap. 705; Laws of 1918, chaps. 633, 634, 635, and Laws of 1920, chap. 536). It does not compel the employer to cover his anticipated liability with insurance; but provides that the employee or his representatives, in case of his death, may resort to other legal remedy for redress, and said employer is deprived of certain named defenses in case of such action. (Workmen's Compensation Law, § 11, as amd. by Laws of 1916, chap. 622.) These limitations were placed upon defendants in negligence actions before the Workmen's Compensation Law was enacted and have been held constitutional. In *Matter of Jensen* v. *Southern Pacific Co.* (215 N. Y. 514) the constitutionality of the Workmen's Compensation Law was upheld. (See, also, *New York Central R. R. Co.* v. *White,* 243 U. S. 188.) I am satisfied that the provision of the law assailed is constitutional.

The award should be affirmed.

Order unanimously affirmed.