In the Matter of the Claim of MABELLE GILMORE, Respondent, against PREFERRED ACCIDENT INSURANCE COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Argued April 11, 1940; decided May 28, 1940.

*James A. Beha* for appellant. The employer does not come within the provisions of group 18 of subdivision 1 of section 3 of the Workmen's Compensation Law. (*Jurman* v. *Hebrew National Sausage Factory*, 198 App. Div. 456; *Matter of Europe* v. *Addison Amusement Co.*, 231 N. Y. 105; *Westbay* v. *Curtis & Sanger*, 198 App. Div. 25.)

*John J. Bennett, Jr., Attorney-General* (*Joseph A. McLaughlin* of counsel), for State Industrial Board, respondent.. The employer comes within the provisions of the Workmen's Compensation Law and the claimant is entitled to compensation. (*Matter of Dose* v. *Moehle L. Co.*, 221 N. Y. 401; *Matter of Mulford* v. *Pettit & Son, Inc.*, 220 N. Y. 540; *Dispenza* v. *John Hancock Life Ins. Co.*, 238 App. Div. 885; *Gurnett* v. *Ross Co.*, 181 App. Div. 910; *Kingsley* v. *Donovan*, 169 App. Div. 828; *Quigley* v. *Chicago Portrait Co.*, 234 App. Div. 640; *Matter of Skouitchi* v. *Chic Cloak & Suit Co.*, 230 N. Y. 296; *Matter of Small* v. *Gibbs Press, Inc.*, 222 App. Div. 699; 248 N. Y. 513; *Brooklyn Children's Aid Society* v. *Industrial Board*, 256 N. Y. 651; *Matter of Hall* v. *Salvation Army*, 261 N. Y. 110; *Ward & Gow* v. *Krinsky*, 231 N. Y. 525; 259 U. S. 503.)

FINCH, J. This is a claim for compensation on account of a death through accident occurring in the course of employment, and the question presented concerns the applicability of the Workmen's Compensation Law (Cons. Laws, ch. 67). This, in turn, depends upon the construction to be given to the words " workmen " or " operatives " regularly employed, as used in that law. (§ 3, subd. 1, group 18.) This question has not yet been decided. Lately we said: " It is not necessary for us finally to define or limit the words ' workmen ' or ' operatives ' as used in this sub-

division." (*Matter of Europe* v. *Addison Amusements, Inc.*, 231 N. Y. 105, 110.)

There is no dispute as to the facts. Defendant is not involved as an insurer but directly as an employer.

William J. Gilmore, a lawyer employed by defendant as an investigator and claim adjuster, was struck by a bicycle as he was about to enter a subway station in the course of his employment and received injuries from which he died nine days later. There were sixteen employees engaged in this kind of work, about seven or eight of whom owned automobiles with which they covered their various territories at least some of the time. The others, of whom decedent was one, did not use a car at all. In so far as the automobiles were used this was done with the knowledge and consent of the employer. An allowance was made for the use of such machines, in one case amounting to approximately twenty dollars per week. Whether an employee, at his option, used an automobile or, instead, the common conveyances, each was reimbursed for his traveling expenses.

Upon the foregoing facts the referee and the Industrial Board awarded claimant appropriate death benefits, holding that the deceased was engaged in a hazardous employment as defined by the Workmen's Compensation Law (§ 3, subd. 1, group 18). The Appellate Division affirmed the award with one justice dissenting.

The Workmen's Compensation Law provides as follows:

" § 3. Application.

" 1. Hazardous employments. Compensation shall be payable for injuries or death incurred by employees in the following employments: * * *

" Group 7. Operation of:

" * * * Gas vehicles * * *

" Group 12. Work as:

" * * * Chauffeurs * * *

" Group 18. All other employments, except persons engaged in a teaching or non-manual capacity in or for a religious, charitable or educational institution, notwithstanding the definition of employment in subdivision five of

section two, not hereinbefore enumerated, carried on by any person, firm or corporation in which there are engaged or employed four or more workmen or operatives regularly, in the same business or in or about the same establishment either upon the premises or at the plant or away from the plant of the employer, under any contract of hire, express or implied, oral or written, * * *."

It is unnecessary to negative any contention that these claim adjusters may be considered operators of gas vehicles or chauffeurs under groups 7 and 12, since respondent urges on this appeal that the only issue involved is whether the business of the employer comes within the provisions of group 18, subdivision 1 of section 3 of the Workmen's Compensation Law. This depends, in turn, upon whether the defendant employer has within his employ four workmen or operatives regularly employed. (*Matter of Europe* v. *Addison Amusements, Inc.*, 231 N. Y. 105; *Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401.) In other words, group 18 does not bring within the application of the provisions of the Workmen's Compensation Law all employment, but only that where there are regularly employed four workmen or operatives. This is in accord with the purpose and extensions of the Workmen's Compensation Law. Originally the law was passed for the purpose of meeting a widespread demand among citizens generally that certain occupations should bear the cost of broken bones as well as of broken machines and to protect working men and their dependents from want in case of injury when engaged in certain specified hazardous employment. The Legislature sought to make reasonable compensation for injury sustained or death incurred by reason of such employment as a part of the expense of the lines of business included within the definition of hazardous employments, as stated in the act. (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544.) The law was extended by denominating a large list of employments as hazardous. After reciting some seventeen groups, group 18 was written as above. Thus the law was still confined in accordance with its original

purpose to the protection of workmen and operatives. May these claim adjusters be considered workmen or operatives so as to bring the business of this employment within the provisions of the law? In ordinary parlance, workmen or operatives are those who perform manual labor or operate machines. The terms are much narrower than the term employee for, while all workmen and operatives are employees, only a small portion of all employees are workmen or operatives. Funk & Wagnall's Standard Dictionary of the English Language, 1937, defines " operative " as " a person who is employed as a workman in a mill or factory; a skilled workman, an artisan; especially one who operates a machine in a factory," and " workman " as " a man employed in manual labor; an artisan mechanic; sometimes a skilled or accomplished mechanic; artisan." Webster's Dictionary, 1937, defines " workman " as " a man employed for wages in labor; often, a skilled artificer or laborer," and " operative " as " one who or that which operates; a worker; artisan; mechanic." Before Honorable Charles S. Whitman, then Governor of the State, signed the bill in 1918, which added the forerunner of the present group 18 to the list of compensable employments, he asked for the opinion of the Attorney-General as to the meaning of the phrase " workmen or operatives " and received the following reply: " The term ' workmen or operatives ' would seem to have a more restricted meaning than that of ' employee,' and to refer to laborers, mechanics or artisans who do manual labor, and not to clerks or those engaged in professional work, and it is my opinion that the courts will so construe it " (16 State Dept. Rep. 346, 347), and thereupon the bill was signed and became law. Nothing has been shown to change the ordinary meaning of these terms.

The deceased employee was a lawyer employed as a claim adjuster by this defendant, a casualty insurance company, a non-hazardous employer, and the employee engaged in a non-hazardous occupation. But respondent urges that the business became hazardous within the meaning of the statute because more than four of these professional men,

engaged to perform professional duties only, namely, the investigation and adjustment of claims, voluntarily and for their own convenience used their own automobiles instead of public conveyances, such as trolley cars, subways, taxicabs, etc., and thus were converted into manual laborers or operatives upon machines. The mere statement of the contention would seem to contain its own refutation. These claim adjusters were not employed as laborers or operators on machines and did not do such work. Nor were they regularly employed as such, but were employed as claim adjusters and continued at all times to work as such. As their work remained as insurance claim adjusters neither they nor their employer were engaged in a hazardous occupation or classified as such under any provisions of the Workmen's Compensation Law. It is also to be noted that the employer did not have control, supervision or direction of the operation or use of these automobiles by these claim adjusters. Their duties and the work that they did for the defendant and the salary paid to them were exactly the same whether, incidental to their work as claim adjusters, they used public conveyances or their own automobiles. In *Matter of Westbay* v. *Curtis & Sanger* (198 App. Div. 25; affd., 232 N. Y. 555) it was held that the runners of a Wall street brokerage firm were not workmen or operatives. Thus a distinction between employees and workmen or operatives would seem to have been settled in the law of this State (*Matter of Europe* v. *Addison Amusements, Inc.*, 231 N. Y. 105; 71 C. J. 417), and, although the Legislature has reclassified the entire field of compensable employments, there has been no modification or redefinition of the terms " workmen " or " operatives." The use of these terms, therefore, falls within the recognized principle that where terms have been defined by the courts and the Attorney-General, it is presumed that the continued use of those terms by the Legislature subsequent to the definitions is in accordance with the meaning thus defined.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, without costs.

∎

LOUGHRAN, J. (dissenting). Except in situations unrelated to this case, the statute classifies as hazardous all employments in which there are regularly engaged or employed four or more " *workmen or operatives.*" (§ 3, subd. 1, group 18.)

This employer is an insurance corporation. Sixteen persons were employed by it as so-called claim adjusters. Some seven or eight of them regularly operated their own automobiles in going about their everyday work. They were " workmen or operatives " while they drove their cars. They did this with the consent and at the expense of the employer. The circumstance that they were not required to do so is of no moment, for their employment included whatever the employer suffered or permitted them to do therein. (Workmen's Comp. Law, § 127; Labor Law [Cons. Laws, ch. 31], § 2, subd. 7.) Had one of them been injured when he was thus operating his automobile he would doubtless have had the right to compensation. (See *Matter of Mulford* v. *Pettit & Sons*, 220 N. Y. 540.)

This situation, as I see it, called for the coverage commanded by the statute, as the court below has held.

Suppose the employer had hired four chauffeurs to carry some of its adjusters on their regular rounds. All its employees would then have been under the protection of the statute. (§ 3, subd. 1, groups 7, 12, 18.) Actually the employer suffered or permitted each of more than four of its adjusters to act as his own chauffeur in the routine course of his work. In essence the actual case does not differ from the case supposed; the hazards which the law was intended to alleviate are the same in both situations.

The opinion of Judge FINCH, as I apprehend, commits the court to the proposition that the statute has no application to an employer whose business is non-hazardous, even though the employer permits four or any greater number of his employees regularly to engage in a hazardous occupation as a concomitant of their otherwise non-hazardous employment. Such a ruling seems to me to be an appreciable infraction of the letter and of the reason of the statute.

I think the Appellate Division was right and that its order should be affirmed.

LEHMAN, Ch. J., SEARS, LEWIS and CONWAY, JJ., concur with FINCH, J.; LOUGHRAN, J., dissents in opinion; RIPPEY, J., taking no part.

Order reversed, etc.