Appeal from a decision and award of the Workmen’s Compensation Board. Claimant was employed by a jewelry manufacturer as a tool and die maker. Coneededly he had two accidents, one on March 30, 1953 when, as the result of setting up a power press, he sustained what is described as a “ cervical radicular syndrome ” in the upper back area; and the other on October 14, 1954 when he suffered pain and muscular spasm over the right upper arm, neck and shoulders while hammering platinum with a sledge hammer. On May 6, 1955 a fellow employee slipped claimant on the back in order to get his attention. This was described in the claim filed by claimant as occurring in “ the shop ”; it is also described as occurring in the lobby of the 18th floor of the premises in which the employment was located while claimant was going to lunch. At the times of the first two accidents the appellant State Insurance Fund covered the risk; on May 6, 1955 the risk was covered by respondent Century Indemnity Company. The board has made an award of disability beginning May 6, 1955 to July 18, 1955 chargeable equally to the two prior accidents and entirely against the carrier on the risk at those times. The board found that “ the accident ” which occurred on May 6, 1955 “ was not an accidental injury arising out of and in the course of employment ”. That claim was dismissed. We are not able to determine from the memorandum decision of the 'board or from its formal findings of fact whether it reached the conclusion that the incident of May 6, 1955 was not “an accidental injury” arising out of and in the course of employment because it had no physical consequences of its own; or because the board felt that the claimant had left the place of employment when struck by the fellow employee; or because the act of striking was deemed a personal act not related to employment. Not any of these theories seems to us to be sustained by substantial evidence. It has been seen that the board found that the occurrence was an “accident which occurred May 6, 1955”. It also found that the fellow employee “tapped him hard between the shoulders ” causing pain “ which was temporary.” All the medical evidence is to the effect that this blow directly in the area of both former injuries precipitated disability and the finding of the board is that disability began on that date. Claimant did not thereafter work during the period here involved. The most favorable medical evidence to support the finding of the board is not that there was no effect from the blow, but rather that when the physician saw claimant some time later he was practically in the same condition of disability he had been in after one of the earlier accidents. *1045 This does not exelude some disabling effect from the blow for some period of time; and when the medical testimony as a whole is examined it seems to indicate rather clearly that the blow entered in some substantial part into the disability during the period found. It certainly seems clear that it precipitated the disability. When we turn to the other aspect of the ease we see that claimant was still on the premises when struck, and the rule of safe egress would seem to apply (Martin v. Metropolitan Life Ins. Co., 197 App. Div. 382, affd. 233 N. Y. 653). This is not a horseplay case; the fellow employee was deaf and was attempting to call claimant’s attention to something. Claimant testified : “ He wanted to tell me something and he tapped me on the back real hard, very husky boy and hit me right in between the shoulders.” A finding that this “accident” was not in the course of employment and did not arise out of the employment would not be supported by substantial evidence. In remitting the ease for further consideration and for definite findings, we do not, of course, hold that all of the ultimate disability found is to be attributed to the last accident, or what proportion of it; but from the record it seems plain that this “ accident ” as found was both an industrial accident and had some consequential physical effect. Decision dismissing the last filed claim and charging all the disability to the two prior accidents reversed and the matter remitted to the board for its further consideration, with costs to appellant carrier against .respondent carrier.
Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.