■ In the Matter of the Claim of RUTH KAYE, Respondent, v. DUFF & BROWN, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The problem in this case is coverage of the employment under the Workmen's Compensation Law. The business of the employer is real estate management, sales and insurance. Claimant worked in the office; she was injured when she slipped and fell. The theory of the Workmen's Compensation Board decision holding the employment covered is that management of real estate falls within "care of buildings", which is listed as a hazardous employment under section 3 (subd. 1, group 2) of the Workmen's Compensation Law. But the supervisory work of the employer in management of real estate was not hazardous, and did not involve any actual physical work in connection with the care of buildings. If work had to be done people were employed for this purpose. Hence the business of the employer was not "hazardous" (*Matter of Clyde* v. *City of New York,* 275 App. Div. 161); and the work that claimant herself was doing was not hazardous. It is argued also that since there were eight employees in the business, that the employer's operations fall within the omnibus group 18 of subdivision 1 of section 3 in which coverage exists where four or more workmen or operatives are employed. But this group has been held not to be based on administrative or inspection employees, but it is intended to embrace people who do manual work. (*Matter of Gilmore* v. *Preferred Acc. Ins. Co.,* 283 N. Y. 92.) Award reversed, with costs against the Workmen's Compensation Board and claim dismissed.