In the Matter of the Claim of EUGENIE GLATZL et al., Respondents, against G. E. M. STUMPP et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — employer not liable for injury to workmen unless result of hazard which accompanied duties — not liable for death of driver of delivery wagon resulting from fall from a ladder while he was adjusting a window box — Court of Appeals not precluded by unanimous affirmance of Appellate Division from reviewing question whether decedent was injured while doing work incident to his employment.

1. In order to charge the employer with liability under the Workmen's Compensation Law the court must be able to see that the hazards which accompanied the duties of the employee have turned

against him to his loss and damage. If there is only a casual or remote connection between the hazard of the employment and the loss — if the one does not flow naturally from the other — the liability is not established. (*Matter of Costello* v. *Taylor*, 217 N. Y. 179, distinguished.)

2. The decedent was driver of a delivery wagon for a florist, and his duty was to assist in the delivery of goods when necessary. He was assisting in adjusting a window box in a house. While working for that purpose upon a ladder he lost his balance and fell to the ground, receiving injuries from which he died. *Held*, that the injury did not arise out of or in the course of his employment.

3. The Appellate Division was unanimous in affirming the award of the industrial commission. This court is not thereby prohibited from reviewing the question whether the work of the decedent when injured was or was not incident to the operation of the delivery wagon, since that was a conclusion drawn from the facts found in detail.

*Matter of Glatzl* v. *Stumpp*, 174 App. Div. 901, reversed.

(Argued January 11, 1917; decided January 30, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 2, 1916, which affirmed an award of the state industrial commission under the Workmen's Compensation Law.

*William A. Jones, Jr.*, for appellants. The injuries sustained by Franz Glatzl and which resulted in his death were not sustained in the course of and did not arise out of his employment as a driver. (*Smith* v. *Price*, 153 N. Y. Supp. 221; *Newman* v. *N. & E. L. Assur. Corp.*, 155 N. Y. Supp. 665; *Gleisner* v. *Gross & Herbener*, 155 N. Y. Supp. 946; *Matter of Brown*, 159 N. Y. Supp. 1047; *Aylesworth* v. *P. C. Co.*, 155 N. Y. Supp. 916; *Costello* v. *Taylor*, 217 N. Y. 179.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondents. The injury received by the deceased workman arose out of and in the course of his

employment. (*Costello* v. *Taylor*, 217 N. Y. 179; *Valentine* v. *Smith, Angevine & Co.*, 216 N. Y. 763.)

CUDDEBACK, J. The state industrial commission made an award in this case to the widow and minor children of Franz Glatzl, deceased, under the Workmen's Compensation Law, and the determination of the commission has been unanimously affirmed by the court at the Appellate Division.

The following are substantially the findings of the commission on the facts of the case: On November 8th, 1915, Franz Glatzl was employed by G. E. M. Stumpp who was engaged in the florist business. The duties of Glatzl were to drive a delivery wagon and if necessary to assist in delivering goods, such assistance to be rendered to a man who went on the wagon for the purpose of making deliveries. On the date mentioned Glatzl drove his employer's wagon to No. 4 East Sixty-fourth street in the borough of Manhattan, where some flowers were to be delivered. Arriving at that place the other man on the wagon delivered the flowers, and Glatzl and the other man proceeded to adjust a window box in the house. For this purpose Glatzl got up on a ladder in front of the house, and while working there he lost his balance and fell into the front areaway, and the window box fell on top of him, causing a compound fracture of left thumb and lacerations of the same. On or about November 17th the wound showed evidence of infection. On November 24th Glatzl died from tetanus, which had developed as a result of his injury.

. The Workmen's Compensation Law in its enumeration of hazardous employments covered by the act mentions the following: " The operation otherwise than on tracks, on streets, highways or elsewhere, of cars, trucks, wagons or other vehicles." It has been said that the employer of Franz Glatzl was engaged in carrying on the business of a florist, which is not a hazardous employment under the

act, and that Glatzl, his employee, was not, therefore, protected in any degree by the statute. We do not accept that view. It is true that the business of florist is not mentioned in the act as a hazardous employment, but in this case, as incident to his business, the florist undertook to deliver to his customers the flowers which they purchased, and in carrying on that branch of the business he operated a wagon on the streets and highways of the city. That was within the words of the statute a hazardous employment, and Glatzl was hired to drive the wagon. If the injury which he received had arisen out of and in the course of that employment it would seem plain that a case under the statute was made out. (*Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252.) Then the widow and children would be entitled to the award, but Glatzl was not engaged in such service when he fell.

I can observe no connection between the driving of the delivery wagon by Glatzl and his fall from the ladder which resulted in his death. In order to charge the employer with liability under the Workmen's Compensation Law the court must be able to see that the hazards which accompanied the duties of the employee have turned against him to his loss and damage. If there is only a casual or remote connection between the hazard of the employment and the loss — if the one does not flow naturally from the other — the liability is not established. It was not because Glatzl was the driver of the delivery wagon that he fell from the ladder. Any other person adjusting the window box might have been injured in the same manner. The case of *Matter of Costello* v. *Taylor* (217 N. Y. 179), on which the attorney-general relies, does not authorize a recovery here.

The industrial commission found in detail the circumstances of the accident in which Glatzl was injured, and also found in substance that the work which he was doing when injured was incidental to driving the delivery

wagon. The determination of the Appellate Division affirming the award of the commission was unanimous, and it has been said that the unanimous affirmance prevents this court from reviewing the question whether the work of the decedent when injured was or was not incidental to the operation of the delivery wagon. That was simply a conclusion drawn from the facts found in detail, about which there was no dispute at the Appellate Division and about which there is no dispute in this court. We have, therefore, power to review the determination made at the Appellate Division. (*Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395.)

The order of the Appellate Division should be reversed and the determination of the state industrial commission annulled, with costs against the state industrial commission.

POUND, J. (concurring in the result). As it is clear that Glatzl was not engaged in the occupation of a driver or in doing anything incidental thereto when he was injured, the decision of the question whether he was protected in any degree by the Workmen's Compensation Law is unnecessary to the proper disposition of the case; but I am decidedly of the opinion that under the Workmen's Compensation Law (L. 1914, ch. 41) as it was at the time of the accident unless the employer was engaged in an enumerated hazardous trade, business or occupation his employees did not have the benefit of the law.

Compensation was provided for injuries sustained or death incurred "by employees engaged in the *following* (forty-two enumerated) *hazardous employments*." (Section 2.) But "employee" meant "a person who is engaged in a hazardous employment in the service of an employer *carrying on or conducting the same*." (Section 3, subd. 4.) "Employer" meant a person " * * * employing workmen in hazardous employments." (Section 3, subd. 3.) "Employment" included

" employment only in a trade, business or occupation *carried on by the employer* for pecuniary gain." (Section 3, subd. 5.)

If employment means employment only in a hazardous trade, business or occupation *carried on by the employer,* the test of liability for compensation is the trade, business or occupation of the employer. The florist's business is not classified as hazardous; therefore his employees were not protected. Employment as a driver by a florist is not employment in the occupation of operating wagons or other vehicles for that is not found to be the florist's occupation.

If the business of the employer in certain cases may be such that it may be said that he operates wagons as a part thereof, although his principal business is non-hazardous, that does not help Glatzl for the findings are that his employer was engaged in the florist's business and there is no finding that the employer was engaged in the occupation of operating wagons.

While I think that the law originally did not contemplate the occupation of the employee as a test, it does so now, for by of Laws 1916, ch. 622, "employee" is defined to mean *either a person engaged* in one of the occupations specified *or* who is in the service of an employer whose *principal business* is that of carrying on a specified hazardous employment.

CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur with CUDDEBACK, J.; HISCOCK, Ch. J., and POUND, J., concur in result; POUND, J., in memorandum.

Order reversed, etc.