In the Matter of the Claim of JACOB DOSE against MOEHLE LITHOGRAPHIC COMPANY et al., Respondents.

STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — meaning and application of term " employee " in section 3 of law as amended by chapter 622 of Laws of 1916 — when bricklayer doing repair work for printing company whose business is hazardous under the law is entitled to compensation for injury received while engaged in repairing its plant.**

1. The amendment to the Workmen's Compensation Law by chapter 622 of the Laws of 1916 was intended to and does embrace an additional class of employees, viz., those in the service of an

employer carrying on a hazardous employment, even though such employee is not actually engaged in a hazardous employment.

2. A bricklayer, employed to make repairs to the plant of a company engaged in the business of lithographing and printing, classified as hazardous in group 40 of section 2 of the law, is an " employee " within the terms of the law and is entitled to compensation for injuries resulting from the fall of a scaffold upon which he stood while engaged in the work for which he was employed. The fact that he was employed in bricklaying, which was not carried on for pecuniary gain by the company, does not preclude an award to him since his employment was incidental and requisite to the business carried on by his employer. (*Matter of Bargey* v. *Massaro Macaroni Co.*, 170 App. Div. 103; affirmed, 218 N. Y. 410, 412, distinguished.)

*Matter of Dose* v. *Moehle Lithographic Co.*, 179 App. Div. 519, reversed.

(Argued October 4, 1917; decided October 23, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 2, 1917, reversing an award of the state industrial commission made under the Workmen's Compensation Law and dismissing the claim.

The facts, so far as material, are stated in the opinion.

*Merton E. Lewis, Attorney-General* (*E. C. Aiken* of counsel), for appellant. A manufacturing company which makes an alteration to its building or builds a building for the purpose of manufacturing does it for pecuniary gain. The building is as necessary to its manufacturing needs as the manufacturing itself. One could not be conducted without the other. The employer in this case in having the walls of its plant repaired was doing that for pecuniary gain. (*Larsen* v. *Paine Drug Co.*, 218 N. Y. 252; *Mulford* v. *Pettit & Son*, 220 N. Y. 540; *Herbert* v. *Shanley Co.*, 242 U. S. 591.)

*Frederick W. Catlin, Norman G. Hewitt* and *Robert H. Woody* for respondent. Claimant was not in the " employment " of the lithographic company in the sense intended by the Compensation Act so as to entitle

him to compensation from said company for the injury sustained by him. (*Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410.)

HOGAN, J.  The Moehle Lithographic Company, hereinafter designated as the " Company," is engaged in the business of lithographing and printing, classified as hazardous in group 40, section 2, of the Workmen's Compensation Law. The business of the company is carried on in a plant maintained by it in the borough of Brooklyn.

The claimant Dose, by occupation a bricklayer, was employed by the company to point up one of the walls of its plant and repair cracks therein. For such labor he and his helper were to be paid the regular wages for bricklayers. and bricklayer's helpers. The company furnished all materials, ladders and supplies. Dose had been employed at the work in question without the aid of a helper for two or three days, and while thus engaged on June 22, 1916, one of the ropes supporting a scaffold upon which he was at work broke. Dose was precipitated a distance of some thirty feet to the ground, receiving injuries for which an award was made to him.

Upon appeal therefrom by the company and insurer the determination of the Industrial Commission was reversed and the claim dismissed upon the authority of *Matter of Bargey* v. *Massaro Macaroni Co.* (170 App. Div. 103; affirmed, 218 N. Y. 410, 412). I conclude the *Bargey* case is clearly distinguishable from the case at bar.

In that case the accident which resulted in death occurred December 2, 1915. Compensation was awarded April 30, 1915. The reversal by the Appellate Division was made November, 1915. The deceased, a carpenter and builder, had entered into a contract to " raise the second and third story floor and roof of the southwest corner of the macaroni factory to a level with the floor

and roof north of this section," and to furnish the material and labor therefor for a stated sum. During the performance of the contract, work additional to that contracted for developed which Bargey did as directed and presented bills therefor to the macaroni company. The factory proper was upon the second and the third floor. When Bargey met his death he was engaged in work in a room on the first floor, which work was additional to that covered by the contract. The determination of the Industrial Commission was reversed by the Appellate Division upon the ground that Bargey was not an employee engaged in a hazardous employment within the Compensation Law, which conclusion was approved by this court.

Judge COLLIN, writing for the court, said: "Obviously, two factors are essential to empower the commission to award compensation, namely, (a) an employee injured, (b) while engaged in a hazardous employment named in the section." The opinion then quotes definitions from the Compensation Law in force at the time of the death of Bargey, and in substance holds that though the macaroni company was an employer because it employed workmen in a hazardous employment, to wit, preparing macaroni, Bargey was not an employee because he was not engaged in the preparation of macaroni.

At the time the Bargey claim arose and the award was made, the Workmen's Compensation Law (Cons. Laws, ch. 67, section 3) contained the following definitions: "'Employer' * * * a person, partnership, association, corporation, * * * employing workmen in a hazardous employment * * *:" "'Employee' means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic

servants: " " ' Employment ' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain: " " ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment   *   *   *."

By chapter 622, Laws of 1916, the statute defining " employee " was amended to read:

" ' Employee ' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants."

As bearing upon the purpose of the amendment, the brief of counsel for the Industrial Commission calls attention to the report of the State Industrial Commission to the legislature for the year 1915 wherein the commission recommended an amendment to the law which would " cover employees called in to do construction or repair work as in the *Bargey* case, and also clerical office employees and others who are not definitely and clearly included within the scope of the act at the present time," and to a memorandum made by the governor approving the amendment.

While the documents referred to indicate the intention of the legislature in the enactment of the amended statute and a construction of the same by the executive, it is obvious from a comparison of the earlier law with the amended statute, that under the statute before the amendment an employee to be entitled to an award must have been engaged in a hazardous employment in the service of an employer conducting a hazardous employment. Such was the construction of the law in the *Bargey* case. The amendment of 1916 was intended to and does embrace an additional class of employees,

viz., those in the service of an employer carrying on a hazardous employment, even though such employee is not actually engaged in a hazardous employment. The claimant Dose was clearly within the class embraced in the amended law.

The Appellate Division held that the injury to Dose did not arise out of and in the course of an employment " carried on by the employer for pecuniary gain," that Dose had no connection whatever with the hazardous employment conducted in the building; that his injury arose not out of and in the course of the work of lithographing and printing but of bricklaying and the employment of bricklaying was not carried on by the employer for pecuniary gain. That conclusion would render meaningless the amendment of 1916. The company was an employer of workmen. It conducted a hazardous business for pecuniary gain, which term as used in the statute merely means that the employer must be carrying on a trade, business or occupation for gain in order to come within the act. (*Matter of Mulford,* 220 N. Y. 543.) The injury received by Dose was accidental and sustained by him as an employee in the service of the company which carried on a hazardous employment. The fact that he was employed in bricklaying, which was not carried on for pecuniary gain by the company, is untenable. A proper conduct of the business of the company required a suitable plant, machinery, tools, etc. The company could not in justice to itself, its business or its employees, continue business in a plant which was actually unsafe or in danger of becoming so. Dose was engaged in an employment incidental and requisite to the business carried on by the company and under the law as amended was clearly entitled to compensation.

In *Larsen* v. *Paine Drug. Co.* (218 N. Y. 252, 256), decided prior to the amendment of 1916, this court held, Judge HISCOCK writing, " where * * * an employee

is injured while performing an act which is fairly incidental to the prosecution of a business and appropriate in carrying it forward and providing for its needs, he or his dependents are not to be barred from recovery because such act is not a step wholly embraced in the precise and characteristic process or operation which has been made the basis of the group in which employment is claimed."

The same principle was applied in *Matter of Waters* v. *Taylor Co.* (218 N. Y. 248) and *Matter of Glatzl* v. *Stumpp* (220 N. Y. 71).

The language quoted, especially when applied in connection with the amendment to the statute in this case, justified the award made by the State Industrial Commission.

The order of the Appellate Division should be reversed and the determination of the State Industrial Commission affirmed, with costs to the commission in the Appellate Division and this court.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.