Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ESTELLE M. BALK, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of Her Husband, LEO P. BALK, v. QUEEN CITY DAIRY COMPANY, Employer, and the AMERICAN MUTUAL COMPENSATION INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 13, 1918.

Workmen's Compensation Law — superintendent on way to instruct driver of milk route struck by automobile while leaving street car — hazardous employment or business.

An employee who was superintendent of wholesale routes for a dairy company left his employer's place of business to go upon a route where a new driver had been assigned for the purpose of instructing him. To reach the route he boarded a street car and as he stepped therefrom at his destination he was struck by an automobile and so injured that death resulted.

*Held,* that an award of compensation for his death should be reversed as deceased was not at the time of the injury engaged in a hazardous occupation under the Workmen's Compensation Law.

Under such circumstances deceased was not in any way engaged in the operation of a wagon.

Neither was such employee in the service of an employer whose principal business was carrying on or conducting a hazardous business.

APPEAL by the defendants, Queen City Dairy Company and another, from an award of the State Industrial Commission, made on the 25th day of April, 1917, and also from the decision of the Commission made on the 21st day of March, 1918, affirming the award.

*Jeremiah F. Connor,* for the appellants.

*Merton E. Lewis, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel] and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

LYON, J.:

The deceased, Leo P. Balk, was employed by the Queen City Dairy Company as the superintendent of its wholesale routes. On October 20, 1916, he left his employer's place of business to go upon one of the routes where there was a new driver in order to familiarize the driver with the route. In order to reach the route he was required to travel by street railway car. In getting off the car a Ford automobile struck him in the left hip and ran him against a telephone pole, and he sustained injuries which resulted in his death November 2, 1916.

The award must be reversed for the reason that Leo P. Balk was not at the time engaged in a hazardous occupation. He was not in any way engaged in operating a wagon. (*Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71.) He was merely alighting from a street railway car. In so doing he met with the accident which resulted in his death. He was not in the service of an employer whose principal business was carrying on or conducting a hazardous business.

The award must be reversed and the case dismissed.

All concurred.

Award reversed and claim dismissed.