Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BERT O. MARTIN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HENRY CARD & COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury to employee while using his own motor car in master's business — injury arising out of and in course of employment — award sustained.**

A person employed at a factory to drive an automobile truck during the week and to guard the premises on Sundays who used an automobile of his own on Sunday to go and get spark plugs which were necessary for the operation of his master's truck and who while cranking his own motor was injured by a back-fire, was at the time engaged in his master's business and was working to the master's advantage, and, hence, is entitled to an award under the Workmen's Compensation Law.

APPEAL by the defendants, Henry Card & Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 4th day of September, 1919.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

Previous to June 29, 1919, the claimant, Bert O. Martin, worked for Henry Card & Co., at Fredonia, N. Y. His contract was for the seven days of the week. The seventh day, Sunday, it was his business to go to the factory and look after fires and lights, and I think it may be fairly inferred that he had to see that everything, so far as his part of the business was concerned, was in working order for Monday morning. He drove the truck used by his employer in the business. On the Sunday in question he had to get spark plugs for the truck before he could use it on Monday morning. He had a Ford car of his own and it was there at the factory; the spark plugs were not kept at the factory, and as it was Sunday he had to go and look for them in some garage where the kind he wanted might be found. He started to crank up his Ford car so that he could go and find the plugs. It back fired, kicked and broke both bones of his right wrist. Appellants contend that this accident did not arise out of and was not incident to the business he was employed to help carry on. (Workmen's Compensation Law, § 10.) In other words, that claimant ought to have walked around from garage to garage looking for spark plugs for them, instead of riding in his car while so doing. *Matter of Glatzl* v. *Stumpp* (220 N. Y. 71), while reversing the award of the Industrial Commission, laid down this rule: " In order to charge the employer with liability under the Workmen's Compensation Law the court must be able to see that the hazards which accompanied the duties of the employee have turned against him to his loss and damage." The circumstances that inspired this holding were briefly as follows: The claimant was employed as driver on a delivery wagon for a florist; he made a delivery and then mounted a ladder to assist in placing the flowers or plants in boxes; he lost his balance, fell and sustained the injury for which the Commission made him an award. In this case, while the use of the car would find the plugs in a shorter period of time than if he had walked, yet the job he started to do had to be done for the employer, to the employer's advantage and with no pecuniary advantage to himself.

The award should be sustained.

Award unanimously affirmed.