Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of NAPOLEON POSEY, Respondent, for Compensation under the Workmen's Compensation Law, v. PATRICK MOYNEHAN, Employer, and the OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

Workmen's Compensation Law — hazardous occupation — lumbering — injury received while plant temporarily inactive — farm laborer — chore or barnman not engaged in farm labor — election by employer to come under provisions of statute.

The claimant was employed as chore or barnman around the headquarters of his employer, a lumber operator, who employed from four to one hundred men, and maintained several camps. At the headquarters there were a store and office, barns for a large number of horses and a boarding house for employees, and in connection with said headquarters there were several hundred acres of land which were cultivated as an adjunct to the principal business. It was the claimant's occupation to care and look after the horses and to assist around the boarding house, and his injury was received by a fall while going from the boarding house to the store. At the time of the injury the plant was temporarily inactive, but fully manned.

Held, that the employee was engaged in a hazardous occupation under group 14 of section 2 of the Workmen's Compensation Law.

The temporary lull in the activities of the plant did not relieve the insurance carrier from liability.

The evidence justified the finding that the employee was not engaged in farming at the time of the injury.

Furthermore, the employer elected to come within the provisions of the Workmen's Compensation Law by posting notices so stating in the men's rooms at the boarding house, which comprised one of the buildings at his headquarters.

APPEAL by the defendants, Patrick Moynehan and another, from a decision and award of the State Industrial Commission, entered in the office of said Commission on or about the 9th day of June, 1920.

*Robert H. Woody* [*Norman G. Hewitt* of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*Bernard L. Shientag, E. C. Aiken*, Deputy Attorney-General, and *Francis H. Slater*, of counsel], for the respondents.

KILEY, J.:

There is no question here about the accident, the extent of the injuries received, nor the work actually being performed by the claimant. The contest against claimant is the application of the law to the facts as they appear in the record. If a question of fact was created, the finding of the Commission must stand. (Workmen's Compensation Law, § 20, as amd. by Laws of 1919, chap. 629.) The employer was a large lumber operator; had been for many years previous to the year 1917. He maintained several lumber camps on different jobs in the Adirondack forests in the northern part of this State. All of these several jobs, and all of the operations with reference thereto, were directed from one central point termed his headquarters, and located at Sabattis, Hamilton county, N. Y. This was at a railroad station, a small settlement in the wilderness, and so far as the record discloses, all owned and operated by the employer, Moynehan. There was a store and office combined, a boarding house fitted and constructed for lumber men, and run by the employer, a large barn with ninety horse capacity and space for hay and grain of like capacity; sheds for storage of tools, sleighs, wagons, etc. He employed many men in his lumbering operations, sometimes one hundred, sometimes less and at all times more than four. It was a hazardous occupation under section 2, group 14, of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705).* Around this central point, herein called headquarters by the employer, and farm by the insurance carrier, were located

---

* Since amd. by Laws of 1918, chap. 635.— [REP.

from 200 to 400 acres of land owned by the employer; as a matter of fact he owned thousands of acres; this land immediately adjacent to this center of operations was used by the employer to raise hay and potatoes, using the same, so far as needed, in his lumbering business. Claimant was a chore or barnman at these headquarters. He did what he was called upon to do around the boarding house and cared for the employer's and transients' horses that put up at the stables. When the employer's horses were not needed upon some of the jobs they were brought to this stable to be cared for, and in warm weather were turned out to pasture on this acreage. It was claimant's occupation to care for and look after these horses. That this central group of buildings and the operations carried on at, and directed therefrom, in connection with the larger operation of actual lumbering, were all a part of the larger enterprise was a question of fact found by the Commission, and so found on evidence legal and of probative force. Section 3, subdivision 4, of the Workmen's Compensation Law (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705) defines " employee " as follows: " ' Employee ' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." The foregoing was the law on September 15, 1917, when claimant, in the course of his employment, was going from the boarding house toward the store, fell and broke both knee caps, which accident has left him in the crippled condition found by the Commission. I judge from the record that if all of the facts were known claimant could have made his claim under second group 45 of section 2 of the Workmen's Compensation Law (as added by Laws of 1918, chap. 634). The question is not presented here; the observation is made to recall the possibilities under this law and the progressive tendency of the same. The employer's business was conducted more or less through superintendents and overseers, one of whom made application for the insurance found by the Commission to

cover this claimant. The employer stated that claimant was covered and was one among his employees he had insured. The appellant carrier resists payment of the award upon two grounds: *First.* That the employee, at the time of the accident, was not engaged in the actual operation of cutting trees and skidding and getting out logs. It appears from the record that the employer was sick that year unto death and while not actually and actively carrying on the operation of lumberman as he had theretofore for twenty years and upwards, yet his plant was intact, his facilities ready, and his headquarters as fully manned as at any time; the temporary lull in activity did not render appellant's liability under its contract any the less because of such temporary lull in active operations. *Second.* That the employer was engaged in farming and it was in such occupation the claimant was occupied when injured. It was a question of fact for the Commission to pass upon from all of the evidence and I do not think we can disturb its finding. However, a further advantage to the claimant is disclosed by the record. The employer elected to come under the provisions of this law, as appears from the evidence to the effect that he had posted notices so stating in the men's room at the boarding house comprising a portion of the buildings at headquarters. This accident happened September 15, 1917. Chapter 622 of the Laws of 1916 took effect June 1, 1916, and chapter 705 of the Laws of 1917 went into effect July 1, 1917. Subdivision 5 of section 3 of the Workmen's Compensation Law was amended by those chapters to read as follows: "'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith, *except* where the employer and his employees have by their joint election elected to become subject to the provisions of this chapter as provided in section two." The employer, by posting the notices, complied with the requirements of section 2 (as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705). *Matter of Dose* v. *Moehle Lithographic Co.* (221 N. Y. 401) must be regarded as salutary and comforting by this claimant.

The award should be affirmed.

Award unanimously affirmed.