In the Matter of the Claim of CHARLES STOERZER, Respondent, against THE CITY OF NEW YORK, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

(Submitted April 17, 1935; decided May 21, 1935.)

*Paul Windels*, *Corporation Counsel* (*Paxton Blair*, *Justine Wise Tulin* and *Edmund L. Palmieri* of counsel), for appellant.

*John J. Bennett, Jr., Attorney-General (Roy Wiedersum* and *Hector A. Robichon* of counsel), for State Industrial Board, respondent.

FINCH, J.   This is a claim under the Workmen's Compensation Law (Cons. Laws, ch. 67).   The claimant is a physician employed by the Department of Correction of the city of New York.   In the course of his regular duties he was incising the hand of an inmate of one of the city prisons, in Brooklyn, when his scalpel slipped, cutting his own finger and causing a serious infection.   As a result of this infection he was unable to work for several months and it has been found that he has suffered a permanent loss of the use of his left thumb, amounting to seventy-five per cent, and of the left index finger of twenty per cent.   An award was granted by the Industrial Board, under section 3, subdivision 1, group 18 of the Workmen's Compensation Law, which has been affirmed by the Appellate Division, two justices dissenting.

Subdivision 5 of section 2 of the Workmen's Compensation Law reads as follows: " ' Employment ' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection

therewith, except where the employer and his employees have by their joint election elected to become subject to the provisions of this chapter as provided in section three."

The only question presented upon this appeal is whether employment by a municipal corporation is covered by section 3, subdivision 1, group 18, of the Workmen's Compensation Law.

Section 3, subdivision 1, group 15, provides compensation for persons in employment as keepers, guards, nurses or orderlies in a prison, reformatory, insane asylum or hospital, maintained by a municipal corporation or other subdivision of the State.

Group 16 of subdivision 1 of the same section provides compensation for any person in employment by the State, notwithstanding the definition of employment contained in said act.

Group 17 secures compensation for all municipal employees who are engaged in the employments enumerated in the first sixteen groups.

Section 3, subdivision 1, group 18, reads in part as follows:

" Group 18. All other employments, except persons engaged in a clerical, teaching or nonmanual capacity in or for a religious, charitable or educational institution, notwithstanding the definition of employment in subdivision five of section two, not hereinbefore enumerated, carried on by any person, firm or corporation in which there are engaged or employed four or more workmen or operatives regularly, in the same business or in or about the same establishment either upon the premises or at the plant or away from the plant of the employer, under any contract of hire, express or implied, oral or written, except farm laborers, domestic servants, other than private or domestic chauffeurs employed as such in cities of two million inhabitants or over, and persons engaged in voluntary service not under contract of hire.  *  *  *."

The claimant contends that this group is applicable to municipal corporations, since it applies to "All other employments," and the definition of "employer" in the statute includes the State and municipalities.

The words with which group 18 above begins, namely, "All other employments," obviously restrict this phrase to employments not covered by the preceding seventeen groups. The employments specified in group 18 are those carried on by "any person, firm or corporation in which there are * * * employed four or more workmen or operatives regularly, in the same business or in or about the same establishment either upon the premises or at the plant or away from the plant of the employer." This is curious language by which to comprehend a municipality. The city does not, in common parlance, conduct a "business" or maintain an "establishment" or a "plant."

Also in group 17 the term "municipal corporation" was coupled with the term "state." This provision was reasonably and logically related to units of government; whereas the term "corporation," as used in group 18, was employed with the terms "person" and "firm," so that under the familiar principle of *noscitur a sociis* the term "corporation" would there relate to a private corporation.

Nor does the background of the legislation involved support the view of the claimant. Turning to the prior law and the evil sought to be remedied, we find the Legislature had attempted to bring within the scope of the Workmen's Compensation Law all the employments deemed hazardous. Because of the complexity and variety of industrial activity, efforts to make the list exhaustive proved futile. Finally, in 1918, a new group, the present group 18, was added (Laws of 1918, ch. 634). Similar difficulty had not been encountered in reference to the less varied and normally less hazardous activities of municipal employees. Thus, the evil aimed at was

one involving industrial employees and the remedy should not be construed to be applicable to municipal employees in the absence of language clearly bringing them within its scope. (Cf. *Matter of Wilson* v. *Dorflinger & Sons*, 218 N. Y. 84.) It is not for the courts to enlarge the application of the Compensation Act beyond the plain intention of the Legislature.

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the claim dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.