In the Matter of the Claim of MILDRED M. LEAHY, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Argued April 8, 1941; decided May 29, 1941.

*William C. Chanler*, Corporation Counsel (*James Hall Prothero*, *Paxton Blair* and *Samuel A. Bloom* of counsel), for appellant.

*John J. Bennett, Jr.*, Attorney-General (*John F. Loehr* of counsel), for State Industrial Board, respondent. ■

DESMOND, J. Claimant-respondent has been awarded workmen's compensation benefits for an injury sustained by her while working for defendant-appellant, the City of New York. Claimant was engaged as a telephone operator and receptionist in one of the offices of the city's Board of Water Supply. Her work in itself was not one of the hazardous employments listed in the Workmen's Compensation Law (Cons. Laws, ch. 67). The Industrial Board found, however, that the Board of Water Supply of the City of New York operates waterworks, a hazardous employment (Workmen's Compensation Law, § 3, subd. 1, group 7), and that the work of claimant was " incidental " thereto. These findings of fact are supported by testimony.

The city contends that the Workmen's Compensation Law covers only those municipal employees actually engaged in hazardous employments and not those whose work is found to be incidental to such an employment

Section 3, subdivision 1, of the Workmen's Compensation Law lists the hazardous employments in which compensation for injuries and deaths shall be payable. The first

fifteen groups are lists of specific employments, including "Operation of Waterworks." Group 16 covers all employments by the State of New York. Then comes "Group 17. Any employment enumerated in the foregoing groups and carried on by a municipal corporation or other subdivision of the state, notwithstanding the definition of the term 'employment' in subdivision five of section two of this chapter." (The reference to subdivision 5 of section 2 was necessary to exclude the requirement that the employer's business or occupation had to be carried on by him "for pecuniary gain.")

If the employer here were a private corporation operating a waterworks the claim would unquestionably come within the provisions of the Workmen's Compensation Law. Whatever doubt existed as to this before 1916 was resolved by the amendment in that year of section 2, subdivision 4, of the law (see L. 1916, ch. 622) to include not only claims of employees actually engaged in hazardous work for an employer but also the claims of all the employees in the service of an employer whose principal business was that of conducting a hazardous employment. (*Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401.)

We are of the opinion that group 17 of section 3 of the Workmen's Compensation Law makes the coverage of municipal employments co-extensive with that of the private employments covered by the law. Since private employees engaged in work in connection with hazardous employments are within the scope of the law, municipal employees similarly engaged are also entitled to benefits under the law. Here it has been found as fact that claimant was doing work incidental to a hazardous employment. In view of the testimony in the record to that effect, we cannot say as matter of law that claimant was not so engaged.

Appellant maintains that "the Industrial Board and the Appellate Division could not have arrived at the conclusion which they reached without resorting to Group 18" and that group 18 is never applicable to municipal employments, citing *Matter of Stoerzer* v. *City of New York* (267 N. Y. 339) and *Matter of Hayes* v. *City of New York* (280

N. Y. 743). The decisions below in this case, however, make no mention of group 18. Further, when the language and purpose of group 18 are considered the reason for the omission is apparent. Group 18 sets up an entirely new class of hazardous employments. The pertinent language of that group is as follows: " all other employments  *  *  * notwithstanding the definition of employment in subdivision five of section two, not hereinbefore enumerated, carried on by any person, firm or corporation in which there are engaged or employed four or more workmen or operatives regularly *  *  *." The purpose of adding this new group (L. 1918, ch. 634 [then group 45 of § 2]) was to remedy the evil which then existed in that the employments theretofore listed did not include all hazardous employments. (*Matter of Stoerzer* v. *City of New York, supra.*) The *Stoerzer* case (p. 343) merely holds that if a municipal employee would not have been entitled to benefits under the Workmen's Compensation Law before group 18 was added, " the remedy [of group 18] should not be construed to be applicable to municipal employees in the absence of language clearly bringing them within its scope." *Matter of Hayes* v. *City of New York* (256 App. Div. 111; affd., 280 N. Y. 743) holds nothing to the contrary. In that case claimant was a city-employed inspector of markets. Her work for the city required her to be at the market but she was not a market worker within the meaning of group 14, section 3, subdivision 1, of the Workmen's Compensation Law, nor was her work incidental to that of any city employees who were doing market work. In the present case, claimant would have been entitled to workmen's compensation benefits had group 18 never been added. Her claim to benefits rests on group 17 and group 7 as construed in *Matter of Dose* v. *Moehle Lithographic Co.* (*supra*). The *Stoerzer* case (*supra*), which construed group 18, and *Matter of Hayes* (*supra*) are, therefore, not in point.

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Order affirmed.