In the Matter of the Claim of NICHOLAS COCCO, Respondent, against GENEVA PRESERVING COMPANY et al., Respondents, and O'DRISCOLL & GROVE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— O'Driscoll & Grove, Inc., employer, and the American Motorists Insurance Company, insurance carrier, have appealed from an award of the State Industrial Board [now Workmen's Compensation Board] which reversed a previous award of compensation apportioned between appellants and Geneva Preserving Company, and made a new award solely against appellants. The Industrial Board found that on October 28, 1942, claimant sustained accidental injuries while employed by appellant and that such injuries resulted in a strangulated left inguinal hernia and a right inguinal hernia. The board also found that as a result of those injuries claimant suffered a recurrent left inguinal hernia which resulted in an operation on June 30, 1943, and that such injuries were the natural and unavoidable result of the accidental injuries sustained by claimant while in the employ of the employer-appellant. The evidence sustains the findings. Award affirmed, with costs to the respondents, Geneva Preserving Company and Utica Mutual Insurance Company. All concur.

In the Matter of the Claim of ABRAHAM R. KATZ, Respondent, against CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the City of New York, an employer, from an award to claimant for total loss of his right eye. Whether there was evidence to support the finding of the accidental injury, and whether there was proper grounds to justify the excusing of claimant's failure to give written notice as required by the statute (Workmen's Compensation Law, § 18), are the questions presented. The statute (Workmen's Compensation Law, § 20) precludes our interference with the board's acceptance of claimant's testimony as to the happenstance of accident; and his failure in giving notice thereof was excused upon sufficient grounds. Decision and award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 271 App. Div. 757.]

In the Matter of the Claim of MAX KAUFMAN, Respondent, against CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the City of New York, as employer, from an award of compensation to claimant for disability. The issue is whether at the time of injury claimant was engaged in a hazardous employment within the meaning of the Workmen's Compensation Law. His title was that of playground director but there is testimony to support a finding that he had to do some work as a laborer in the maintenance of grounds. He was injured while shovelling clay. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 271 App. Div. 757.]