In the Matter of the Claim of WALTER M. GRAMLICH, Respondent, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued January 14, 1948; decided April 22, 1948.

*John P. McGrath, Corporation Counsel* (*Stanley Buchsbaum* and *Seymour B. Quel* of counsel), for appellant. I. Claimant was not an employee in the service of an employer whose principal business was that of conducting a hazardous employment. (*Matter of Beeman* v. *Board of Education*, 195 App. Div. 357, 231 N. Y. 624; *Matter of Leahy* v. *City of New York*, 285 N. Y. 443; *Williams* v. *Hartshorn*, 296 N. Y. 49; *Matter of Griffin* v. *Cruikshank Co.*, 253 N. Y. 303; *Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71; *Matter of Balk* v. *Queen City Dairy Co.*, 184 App. Div. 631; *Bailey* v. *School Dist. No. 5*, 204 App. Div. 125; *Matter of Dolan* v. *City of New York*, 264 App. Div. 803, 289 N. Y. 663; *Matter of Hayes* v. *City of New York*, 256 App. Div. 111, 280 N. Y. 743.) II. Claimant was not engaged in a hazardous employment. (*Matter of Dolan* v. *City of New York*, 264 App. Div. 803, 289 N. Y. 663; *Matter of Hayes* v. *City of New York*, 256 App. Div. 111, 280 N. Y. 743.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for respondent. I. The acci-

dental injuries suffered by claimant came within the purview of the Workmen's Compensation Law. (*Matter of Griffin* v. *Cruikshank Co.*, 253 N. Y. 303; *Matter of Baum* v. *Weldon*, 294 N. Y. 464; *Matter of Commissioner of Taxation & Finance* v. *Phillips*, 283 N. Y. 673; *Matter of Butler* v. *Hancock Life Ins. Co.*, 269 App. Div. 916, 295 N. Y. 987; *Matter of Dispenza* v. *Hancock Life Ins. Co.*, 238 App. Div. 885; *Matter of Brigham* v. *Allegany County*, 263 App. Div. 458, 289 N. Y. 794; *Matter of Kelleher* v. *City of New York*, 253 App. Div. 850; *Matter of Kaufman* v. *City of New York*, 270 App. Div. 967; *Matter of Whittley* v. *Kappie Motors, Inc.*, 270 App. Div. 970.) II. The employer carried on a hazardous employment, and claimant was employed therein. (*Matter of Leahy* v. *City of New York*, 285 N. Y. 443; *Matter of Renouf* v. *N. Y. C. R. R. Co.*, 254 N. Y. 349; *Matter of Europe* v. *Addison Amusements, Inc.*, 231 N. Y. 105; *Matter of McNally* v. *Diamond Mills Paper Co.*, 223 N. Y. 83; *Matter of Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401; *Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252, 256; *Matter of Schlesinger* v. *City of New York*, 271 App. Div. 856.)

DESMOND, J. At the time of his accident, claimant was a mechanical engineering draftsman, in the employ of appellant Board of Education of the City of New York, in the electrical division of its bureau of construction. Attempting to open a window in the employer's office, claimant sustained injuries to his hand when the pane broke. There is no doubt that the injuries arose out of and in the course of his employment. Question is raised, however, as to whether the nature of his employment was such as to entitle him to an award of workmen's compensation.

Claimant testified that his work was " engineering " in connection with the planning of electrical work on his employer's school buildings. When additions were to be built onto existing buildings, he, in order " to find out what the existing conditions in the buildings " were, had to " go out in the field " to " examine the existing electrical installations." At times that involved going up on a stepladder, taking covers off electrical boxes, counting wires, following electrical circuits, and using pliers, a flashlight and a ruler. Claimant had held the same position with

the board of education for about sixteen years before the accident, and during about ten of those years his trips into "the field" averaged thirty a year. For the five years before the accident, however, little or no actual construction work, old or new, had been done by the board, and so claimant's duties during that period and at the time of his injury were all performed in his employer's office. On that proof the compensation board decided in favor of claimant. It held, in an opinion, that "claimant's work involves the operation and maintenance of electrical equipment" and made findings that he, at the time of the accident, "was engaged in a hazardous occupation", also that his employer "was engaged in a hazardous employment as enumerated in the Workmen's Compensation Law", and that claimant's employment "was incidental thereto." The Appellate Division unanimously affirmed, stating in its memorandum that claimant's duties (draughting) when injured were, under the broad definition in subdivision 13 of section 2 of the act, sufficiently related to actually hazardous work to bring the claim under the act. We granted the Board of Education leave to appeal to this court.

In *Matter of Leahy* v. *City of New York* (285 N. Y. 443) we pointed out that group 17 of subdivision 1 of section 3 of the act, and subdivision 4 of section 2 thereof, read together, made workmen's compensation available not only for employees of municipal corporations actually working at hazardous employments, but also for all the employees of any municipal corporation whose principal business is that of conducting a hazardous employment. In other words, as we there held: "group 17 of section 3 of the Workmen's Compensation Law makes the coverage of municipal employments co-extensive with that of the private employments covered by the law" (285 N. Y. at p. 446). The present award, therefore, is valid if either of the two requirements thus stated in the *Leahy* opinion (*supra*) is here satisfied — that is, either if the board of education's principal business is that of conducting a hazardous employment, or if claimant himself was in a hazardous employment, within the meaning of the law, when his hand was lacerated.

The board of education's "business" is education and so it cannot reasonably be held that claimant, as an employee of

that board, was " in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment " (Workmen's Compensation Law, § 2, subd. 4; *Matter of Beeman* v. *Board of Education,* 195 App. Div. 357, affd. 231 N. Y. 624). This award, therefore, depends for its validity on the correctness of the compensation board's finding, above referred to, that claimant himself " was engaged in a hazardous occupation." This court, in *Matter of Griffin* v. *Cruikshank Co.* (253 N. Y. 303, 305) carefully and precisely stated the settled rule that " although the principal business of the employer was not a hazardous employment within the enumeration of the Workmen's Compensation Law ", nonetheless, a claimant-employee could have his award if he himself was engaged, when injured, " in one of the hazardous employments so enumerated ". Employments classified by the act as " hazardous " are listed in subdivision 1 of section 3 of the act, in twenty different groups. The Appellate Division's memorandum here shows that court thought this claimant's employment came within group 4, which includes: " installation of electric light and power lines or appliances ", and/or group 6, which lists: " manufacture of electric fixtures " and/or group 7, which includes: " operation of electric light and power lines or appliances ". Respondent suggests two other of section 3's groups to which claimant's job might be assigned: group 2, " care of buildings ", and group 5, " laying of wires ". Any argument that claimant's work, which had to do with the designing or planning of electrical wiring layouts, and included going out into " the field " when necessary in that connection, did not amount to " manufacture ", " construction ", " operation " or " installation ", is answered by the definition of those terms found in subdivision 13 of section 2 of the Workmen's Compensation Law. That subdivision reads: " 13. ' Manufacture,' ' construction,' ' operation ' and ' installation ' shall include ' repair,' ' demolition,' ' fabrication ' and ' alteration ' and shall include all work done in connection with the repair of plants, buildings, grounds and approaches of all places where any of the hazardous employments are being carried on, operated or conducted."

The fact that, on the day of the accident and for a long time theretofore, claimant had not been doing any of the more dan-

gerous parts of his work, is of no consequence. The test is simply whether his " employment " (meaning his general work or occupation) can be found listed in section 3. Cases like *Matter of Newman* v. *Newman* (218 N. Y. 325) and *Matter of Glatzl* v. *Stumpp* (220 N. Y. 71) dealing with the Workmen's Compensation Law before its 1916 amendments, are of historic interest only. In those days an injured workman, to get benefits, had to establish that his own employment and his employer's business were *both* hazardous. The word " employee " (see L. 1914, ch. 41) then meant " a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same ". The 1916 amendments put into subdivision 4 of section.2 the definition of " employee " that we find there now. As Judge POUND noted in *Matter of Glatzl* v. *Stumpp* (*supra*), which was governed by the 1914 law although decided after the 1916 change, the Legislature in 1916, changed the law so as to make the " *occupation* " of the employee the test of coverage, whether or not the master's general business is a dangerous one and whether or not the injured worker, whose own general occupation is listed as " hazardous ", is doing, when hurt, work usually considered perilous. Whatever this court said to the contrary in *Matter of Glatzl* v. *Stumpp* (220 N. Y. at p. 74), had to do with special facts and a statute which was later radically changed. Since 1916, there has been applied in countless cases the rule of *Matter of Dose* v. *Moehle Lithographic Co.* (221 N. Y. 401), *Matter of Krinsky* v. *Ward & Gow* (193 App. Div. 557, affd. 231 N. Y. 525, affd. *sub nom. Ward & Gow* v. *Krinsky*, 259 U. S. 503), and *Matter of Europe* v. *Addison Amusements, Inc.* (231 N. Y. 105), that if the definition of " employee " in subdivision 4 of section 2 be satisfied, the injury, to be compensable, need not be from any hazard specially inherent in, or peculiar to, the job.

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and FULD, JJ., concur.

Order affirmed.