Bergan, J.
Claimant was employed as a ledger clerk in the department of purchase of the city of New York. Her work involved the entry of orders and making records of payments for purchases by various departments of the city government. In her office in the Municipal Building, and in the course of her employment, she slipped and fell on the floor and sustained a fractured hip and wrist.
After a hearing on her claim for workmen’s compensation benefits, the referee found that she was employed in an occupation incidental to a hazardous employment and that she came within the provisions of the Workmen’s Compensation Law, and an award was made. The Workmen’s Compensation Board reversed the award and the referee’s findings and disallowed the claim for lack of coverage. From that decision claimant appeals.
The functions of the department of purchase are prescribed by the Charter of the City of New York, a local law adopted by referendum November 3, 1936, and by the Administrative Code of the City of New York (L. 1937, ch. 929). Under these laws a great many powers and duties are vested in the department.
They may be summarized by saying that all purchases of materials, equipment and supplies for city purposes are made by the department, including specifications and bidding for those which must be let on bid; the establishment of standards of material intended for city use; the inspection of purchases; the keeping of records of requisition of needs of other branches of the city government and approval for payment of claims for purchases.
The function of the department expressly includes storage and distribution of supplies as well as purchase, and the maintenance of city storehouses in which shall be kept “ a sufficient stock of staple commodities on hand to supply the estimated current needs of the agencies ” of the city (Charter, § 782, subd. b). This branch of the operation includes the employment of warehousemen, stockmen, laborers and truck chauffeurs. Other classes of purchases are delivered by the vendors to city agencies and do not pass physically into the control of the department of purchase.
*163 The statutory function of this department and the operation as it is carried on in practice which is developed in the record, indicate that the major function of the department is not hazardous within the language of the Workmen’s Compensation Law, even though some of its functions are within that definition, such as “ Storage of all kinds ” and “ Warehousing ”. (Workmen’s Compensation Law, § 3, subd. 1, group 13.)
An unmistakable legislative policy to give workmen’s compensation benefits to all municipal employees directly involved in hazardous work is announced in the language of the statute. After enumerating the broad list of classifications of such employment, it provides that any such employment carried on by a municipal corporation is included. (§3, subd. 1, group 17.)
When this kind of employment is shown little difficulty is met. Thus, in Matter of Gramlich v. Board of Education (297 N. Y. 349), the employee was a mechanical draftsman employed by the board of education, but his own work also included inspection of buildings and the examination of electrical installations and taking off covers of electrical boxes. These duties were regarded as hazardous within the literal language of the statute and it was found there was coverage. In the same class are other decisions, of which Matter of Kaufman v. City of New York (270 App. Div. 967) and Matter of Schlesinger v. City of New York (271 App. Div. 856) are examples.
When the work of the employee is not itself hazardous and there must be dependence for coverage on the hazards of the function in which the department is engaged, a different kind of problem exists. The general legislative policy as to this class of coverage is stated in subdivision 4 of section 2, which brings within the statute an employer “ whose principal business is that of carrying on or conducting a hazardous employment ”. Applied to any of the public functions of municipal corporations, the aptness of “ principal business ” was for a long time doubted, a view which gradually changed. (See Beeman v. Board of Education, 195 App. Div. 357, and compare Matter of Kelleher v. City of New York, 253 App. Div. 850, where this was at least one element considered.)
But in Matter of Leahy v. City of New York (285 N. Y. 443) the claimant was a telephone operator and receptionist in the office of the board of water supply, and since the “ Operation of Waterworks ” was deemed the principal “ business ” of the board, which was one of the enumerated hazardous employments in the statute (§3, subd. 1, group 7), it was held that the claimant’s work was an incident to it and was covered. The decision *164 made the principal function of the department the test of coverage.
The “ principal business ” of a city is, of course, local government, and to extend to it the language of subdivision 4 of section 2, which was written to apply to private business enterprises, to include employees not themselves in hazardous employment, requires a departmentalization of municipal functions. This is the necessary implication to be drawn from Matter of Leahy (supra) since the function of the city department in which the employee there was engaged was examined to reach the conclusion that it was expressly defined as a hazardous employment within the act.
The inquiry would seem to be pertinent, therefore, in each case of a municipal employee whose work is not itself hazardous, whether the principal function of the city department in which he is employed is expressly defined by the statute as hazardous and whether his work is an incident to this “ principal business ’ ’. This would often involve fine shades of gradation if the assumption be made, as we think it must under the decision in Matter of Leahy, that the municipal function be dissected to view its operation in separate compartments, since it could be argued quite conclusively that the operation of municipal government as a whole is not principally a hazardous employment in the absence of a stated legislative policy.
In this view there would be little trouble in saying that work incidental to the operation of a municipal railroad or ferry system is within the statute. Work incidental to a waterworks, as it has been held, falls readily within the pattern. But there is a wide range of other departmental functions of city government which are in the penumbra of definition referable to the Workmen’s Compensation Law.
All large clerical departments employ laborers; all have resort to storage; many have trucks and vehicles, and hence all of them in some aspects of their function have some employments covered by the statute for employees directly involved in the hazardous work.
But the existence of some hazardous opérations incidental to the main work of a department, not itself hazardous within the statute, does not convert the main work to an incident of the hazard. If it did, almost every municipal employee would be deemed in hazardous employment.
The Legislature has been careful not to do just this, for in extending to municipal corporations the operation of the act it did so only as to employments “ enumerated in the foregoing groups ” (§ 3, subd. 1, group 17).
*165 And the court ivas careful to find either that the principal function of the department fell literally within an enumerated group as it did in Matter of Leahy, or that the work of the claimant was itself hazardous, as it did in Matter of Gramlich (297 N. Y. 349, supra).
Both decisions rested upon the narrow ground of specific inclusion within the statute, the argument that the hroad language of the omnibus provision found in group 18 applies to municipal corporations having previously been rejected in Matter of Stoerzer v. City of New York (267 N. Y. 339).
In the background of this decision is Matter of Wilson v. Dorflinger & Sons (218 N. Y. 84), which holds that coverage must be found in the specific language of the statute. And while the statutory definition has since then (1916) been greatly broadened, its authority still has application to municipal employees, as Finch, J., noted in 1935 in Matter of Stoerzer v. City of New York (p. 343); for by comparison with that authority he concluded that municipal employees must rest on language ‘ ‘ clearly bringing them within ’ ’ the statute.
Where a principal part of the function of a municipal department lies in fields not expressly included within hazardous employment as the' statute defines it, an employee not himself in hazardous work is not covered.
The claimant not having been engaged in hazardous employment, and the record not demonstrating that the main function of the department of purchase is hazardous within the statute, neither of the conditions necessary to coverage in a case of municipal employment has been shown. The determination of the Workmen’s Compensation Board dismissing the claim should be affirmed, without costs.
Foster, P. J., Brewster, Deyo and Santry, JJ., concur.
Decision of the Workmen’s Compensation Board affirmed, without costs.