■  In the Matter of the Claim of DIANA SCHUMER, Respondent, v. LEHIGH VALLEY INDUSTRIES et al., Appellants, and NEW ENGLAND INDUSTRIES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Lehigh Valley Industries and its insurance carrier from a decision of the Workmen's Compensation Board. The sole issue on this appeal is the board's finding of an employer-employee relationship between the decedent and Lehigh Valley Industries. This determination is factual, and since the record contains substantial evidence to support the board's decision it must be affirmed. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.

■  In the Matter of the Claim of JAMES E. GEDDES, Respondent, v. SALVATION ARMY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board holding that claimant at the time of his injury was a covered employee under the Workmen's Compensation Law. Claimant, a duly commissioned minister holding the rank of Major in the Salvation Army, sustained an injury to his right index finger while making an adjustment to a baling machine. The board found " that the claimant, at the time of the injury, was engaged in manual work operating the baling machine and was not at that time performing the duties of a minister or non-manual worker " and thus not "excluded from coverage under Section 3, Subd. 1, Group 18 of the Workmen's Compensation Law ". The board's factual findings are supported by substantial evidence, and we concur in its conclusion as to the lack of applicability here of the exclusionary provision for "commissioned ministers" contained in group 18. Clearly claimant as a commissioned minister would not be covered under group 18 (*Matter of Israeli* v. *Wellwood Cemetery Assn.*, 271 App. Div. 855). However, the operation of a baling machine is hazardous employment pursuant to group 7 of subdivision 1 of section 3, and claimant was thus entitled to an award (*Matter of Gramlich* v. *Board of Educ. of City of N. Y.*, 297 N. Y. 349). We do not construe the exclusion contained in group 18 for commissioned ministers to apply beyond that group (see *Matter of Stoerzer* v. *City of New York*, 267 N. Y. 339). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.