◼ In the Matter of JOHN HEWITT, Respondent, v. STARTOP RANCH, INC., Appellant, and HARTFORD ACCIDENT & INDEMNITY Co., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals from decisions of the Workmen's Compensation Board, filed February 23, 1971, December 27, 1972 and June 15, 1973, which made an award against the employer individually for double compensation under section 14-a of the Workmen's Compensation Law. Claimant, a 16-year-old, was employed parttime as a handyman by appellant, the operator of a horse-breeding farm. The record reveals that his duties included cleaning stalls, filling water buckets and running errands. On January 30, 1966, he was directed by appellant's foreman to drive a jeep owned by appellant away from the farm to pick up some power saws. Claimant possessed a driver's license. On his way back, while operating the jeep, he was injured when the jeep skidded on ice and turned over. It is conceded that no working permit was issued to claimant. The board found illegal employment of claimant in violation of section 132 (subd. 3, par. a) of the Labor Law in that he was working without a permit and operating a power driven machine on a public highway at the time and place of injury. We arrive at a contrary conclusion. By statutory provisions, a work permit is not required for work on a farm (Labor Law, § 132, subd. 3, par. a), nor for employment in farm service (Education Law, § 3226, subd. 5). The term "agricultural labor" is defined as including all services performed "in the employ of the owner * * * or operator of a farm, in connection with the operation, management, conservation, improvement or maintenance of such farm and its tools and equipment". Claimant was hired as a farm laborer. At the time he was injured he was engaged in an errand to pick up farm equipment which was incidental to and a part of his farm labor. The cases relied upon by the board are clearly distinguishable. In *Matter of Jones* v. *Hawkes Ambulance Serv.* (35 A D 2d 855) the infant claimant was engaged in an activity which was in violation of the employer's pledge of employment. The infant claimant in *Matter of Klotz* v. *Gluckstern's Rest.* (271 App. Div. 941) was injured while operating a machine in violation of the Labor Law. In each of the other cases cited by the board, the claimant was engaged in a hazardous employment, even though

the principal business of the employer was not hazardous. (Cf. *Matter of Gramlich* v. *Board of Educ. of City of N. Y.*, 297 N. Y. 349; *Matter of Griffin* v. *Cruikshank Co.*, 253 N. Y. 303; *Matter of Geddes* v. *Salvation Army*, 37 A D 2d 640.) Under the circumstances of the instant case, claimant was engaged in farm related work and was not required, therefore, to have a work permit. He was not illegally employed in violation of the Labor Law. Decisions reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Reynolds, JJ., concur.