■ In the Matter of the Claim of JAMES WOLF, Appellant, v FOXHALL VILLAGE STABLES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workers' Compensation Board, filed February 27, 1976. Respondent employer is in the business of raising, boarding, showing and training horses. Feed for the horses is grown on the property with surplus being sold at market. Seasonal employees are hired at harvest time. Claimant was such a seasonal employee, hired to perform odd jobs, mainly farm work. He was injured while repairing a baling machine. The referee found liability and, since claimant was 17 at the time, the referee imposed double compensation (Workers' Compensation Law, § 14-a). The employer appealed, arguing that farm laborers are exempt from the illegal

employment provisions of subdivision 6 of section 133 of the Labor Law. The board agreed and reversed the double compensation portion of the award. Claimant appeals. We are asked to decide if the employer's operations constitute a farm under the relevant Labor Law provisions. Claimant admits he was performing farm activities, but argues that the employer's principal business is the determining factor. The record reveals that that business was raising and selling horses. Such an operation is a farm within the meaning of the law *(Matter of Hewitt v Startop Ranch,* 46 AD2d 975). The board's decision, therefore, must be upheld. Decision affirmed, without costs. ·Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.